**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN, SBN 255747
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile:  (310) 300-0267
E-mail:    blake@lawbl.com

Counsel to Secured Creditor
MMRC, LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DAVID LEE,<br><br>Debtor and Debtor-In-Possession. | **Case No. 2:19-bk-10119-RK**<br><br>**Chapter 11 Proceeding**<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br>**[Declaration of Eric Burroughs and Supplemental Declaration of Justin Land]**<br><br>Hearing<br><br>Date: November 13, 2019<br>Time: 1:30 p.m<br>Place: "1675"<br>Judge: Hon. Robert Kwan |

Senior secured creditor, MMRC, LLC ("Secured Creditor" or "MMRC") hereby submits its attached Supplement in support of Motion For Relief From the Automatic Stay ("Motion").

Pursuant to the Court's tentative ruling at the original hearing on Movant's Motion for Relief From the Automatic Stay, Movant hereby submits the Declaration of Eric Burroughs attached hereto, and the Supplemental Declaration of Justin Land in further support of Motion for Relief From the Automatic Stay. Based on the evidence presented, the Property has a fair market value of $500,000, and debt owed to Movant of at least $523,480.79.

### A. Relief From Stay Should Be Granted Because The Property Is Not Property of the Estate

It is black letter law in this Circuit that the automatic stay does not apply to protect property of non-debtors. *In re Professional Planning & Research, Inc.,* 2006 WL 2405751*1 (Bankr. C.D. Cal. 2006); *In re Pettit*, 217 F. 3d 1072, 1077 (9th Cir. 2000); *In re Chugach Forest Prods. Inc.,* 23 F. 3d 241, 246 (9th Cir. 1994). The Property at issue in this Motion was not scheduled in the Bankruptcy Schedules (Motion, **Exhibit A**). The Property is not property of the bankruptcy estate because title is currently vested in name of a non-debtor, DJPE Corporation. (*See* **Exhibit 7**, Request For Judicial Notice Attached filed with Movant's last reply). Since the property is not property of the bankruptcy estate, it cannot possibly be necessary for an effective reorganization, and no stay restricts foreclosure against the Property based on controlling precedent.

Although not properly raised in the Opposition by the Debtor, it is anticipated that the Debtor will attempt to claim the Property has become property of the bankruptcy estate by virtue of a motion for authority to dissolve DJPE, and an Order by the Court granting Debtor authority to do so. [Dkt. No. 75, Dkt. No. 82]. However, a motion for permission to dissolve a suspended corporation is insufficient to bring real estate owned by the corporation into the individual estate as a matter of law. And in any event, the Property was never actually brought into the estate as a matter of record title, and pursuant to California law even if the Debtor were to get around to the Court authorized dissolution.

Preliminarily, the burdens in this regard must be addressed. "The party seeking to include property in the estate bears the burden of showing that the item is property of the estate." *In Re Neidorf*, 534 B.R. 369 (9th Cir. B.A.P. 2015) (finding after-acquired property brought into estate was not property of the estate). The Debtor, having failed to list the Property as his own in his bankruptcy

schedules, and having failed to demonstrate that the Property in question is property of the bankruptcy estate, loses the Motion on this issue alone. That the Debtor acquired the property to "repair and flip it" (Lee Decl., ¶ 6), is highly misleading because *non-debtor DJPE* actually acquired the Property to repair and flip. [RJN, **Exhibit 7**].

The mere authorization by the Court to dissolve a non-debtor corporation, ultimately sought by the Debtor for improper purposes, does not render such company dissolved as a matter of law. Dissolution alone is insufficient to convey property under California Law. Dissolution requires the filing of certificates and formal notice to impacted creditors in accordance with State Law. In fact, the California Secretary of State evidences that the owner of the Property, DJPE Corp., is "suspended," not dissolved.[1] (*See* **Exhibit 8**, Request For Judicial Noticed attached hereto).

If a corporation has been suspended for failure to meet its tax obligations, the corporation "shall not be entitled to sell, transfer, or exchange real property in California during the period of forfeiture or suspension." Cal. Revenue and Tax Code ("R&T Code") § 23302(d). During the period of such suspension, the corporation is disqualified from exercising any right, power or privilege. *Timberline, Inc. v. Jaisnghani* (1997) 54 CA4th 1361, 1367.[2] Since DJPE is a "suspended" California Corporation, it lacks authority or power to sell the Property.

Irrespective of the fact that non-debtor DJPE has no power to transfer the Property based on the suspension of its corporate status, the Property is not currently vested in the name of the Debtor, but instead title to the Property must be presumptively found to be in favor of the non-Debtor DJPE. *Cf. In re Obedian*, 546 B.R. 409 (C.D. Bankr. 2016) (Hon. Robert Kwan) (holding that title reflecting community property ownership is presumptive of ownership).

Since there has been no actual dissolution of the non-debtor corporate owner of property DJPE, and no authorized transfer of Property as a matter of record title by the suspended corporate DJPE to the Debtor, the Property remains the non-debtor DJPE Corp's property as a matter of

---

[1] This raises yet another issue. A suspended California corporation *cannot be dissolved*. A California corporation must reinstate and revive its corporate status before it can take any corporate action. *Timberline, Inc. v. Jaisnghani* (1997) 54 CA4th 1361, 1367.

[2] Indeed, any person who attempts or purports to exercise the powers, rights and privileges of a suspended corporation or participates with the foregoing may face punishment of $250 to $1000 fine and/or up to one year in prison for attempting to transact with a suspended corporation. Rev. & Tax. C. § 19719(a), (b).

presumptive title, and is excepted from the automatic stay. For this reason alone, the Motion must be granted.

### B. Relief From Stay Should Be Granted Under 11 U.S.C. Section 362(d)(2) Because There Is No Concrete Plan Concerning the Property that Is Assured.

The Debtor does not completely and accurately state the burdens on a motion for relief from stay. The party opposing a motion for relief from stay has the burden of proof on <u>all</u> issues <u>except</u> for the debtor's equity in the subject property. 11 U.S.C. § 362(g). It is Debtor's burden to "establish that the collateral at issue is necessary to an effective reorganization." *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988).

The Supreme Court in *Timbers* explained that "necessary to an effective reorganization" under § 362(d)(2)(B) means that the debtor must show that there is "a reasonable possibility of a successful reorganization within a reasonable time." *Id*. at 376. In the Ninth Circuit, courts have held that the "effective reorganization" requirement enunciated by the Supreme Court in *Timbers* requires a showing by a debtor that a proposed or contemplated plan is not patently unconfirmable and has a realistic chance of being confirmed. *See e.g.*, *Sun Valley Newspapers, Inc. v. Sun World Corp.* (*In re Sun Valley Newspapers, Inc.*), 171 B.R. 71, 75 (B.A.P. 9th Cir. 1994) (citations omitted).

Specifically, the *Sun Valley Newspapers* panel noted the debtor's burden increases from showing a successful reorganization is "plausible" early in the case, to showing reorganization is "probable" near the expiration of the exclusivity period, and finally to showing reorganization is "**assured**" after the exclusivity period expires. *Id*. at 75 (emphasis added); *see also In re Diplomat Electronic Corp.*, 82 B.R. 688, 693 (Bankr. S.D.N.Y. 1988) (no sufficient showing of effective reorganization where "the debtors' hopes and aspirations for reorganization, although well-intended, have not been supplemented by any showing that a reorganization is possible, let alone reasonably likely within a reasonable period of time"); *In re Loco Realty Corp.*, AJG No. 09-11785 (Bankr. S.D.N.Y. 2009) (finding that "the uncertainty of the Debtor's cash flow, combined with the questionable ability of the Debtor to make the indeterminate balloon payment, makes any prospect of successful plan speculative at best").

The Ninth Circuit has defined equity as "the difference between the property value and the total amount of liens against it." *In re Stewart*, 745 F.2d 1194, 1195 (9th Cir. 1984). The Debtor

first states he has "elected not to contest the MMRC valuation" of $500,000 so his contrary suggestions otherwise stated in the Opposition should be disregarded. Opp. p. 6:1-4.[3] In addition, the Debtor has provided evidence of a secured claim greater than $500,000, of $510,618.30. (Motion, Ex. 3). Thus, Secured Creditor has met the first element of 362(d)(2).

Second, the Debtor has not presented any evidence of a reorganization concerning the Property that is "*assured*," and in fact the naked statement of speculative funding from some identified source of funding in the future that might cause the property to appreciate, is unacceptable given the exclusive period has long since expired. No plan has been offered, and no information concerning timing has been offered as to when Secured Creditor may be paid in these Chapter 11 proceedings. Thus, the Debtor has wholly failed to meet his burden that reorganization is *assured* under *Sun Valley Newspapers*. The Motion should be granted.

### C. Relief From Stay Should Be Granted Pursuant To 11 U.S.C. Section 362(d)(1) Because This is A Fully Matured Loan Of Which There Has Never Been A Payment

Section 362(d)(1) requires a court to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d) (1). A factor to consider in granting relief from stay is the pre-petition maturity of the loan. *In re Chang*, 185 B.R. 50 (Bankr. N.D. Ill. 1995); *In re Escue*, 184 B.R. 287 (Bankr. M.D. Tenn. 1995). Here, the loan matured months before the Petition Date, thus providing ample ground to grant relief from stay or require adequate protection.

Section 361 of the Bankruptcy Code enables a debtor to provide adequate protection by (i) making cash payments or periodic payments to the party entitled to adequate protection, (ii) providing replacement liens or additional liens to the extent of the decline in value of the party's interest, or (iii) providing other property (other than an administrative expense claim) that will entitle

---

[3] Even though Debtor has elected not to contest the valuation, Secured Creditor provided an appraisal by a company that specializes in providing appraisals. In addition, the Debtor is entitled to interest at 10% annually, plus a 5% late fee, as well as reasonable attorney's fees and costs, which exceed the valuation conceded of $500,000.

4

the entity to realize the "indubitable equivalent" of his interests in the property. See 11 U.S.C. § 361. The Debtor has not provided any evidence that he is able to satisfy section 361 of the Bankruptcy Code and certainly has not provided any form of adequate protection to the Beneficiaries. This case will be pending approximately 20 months by the time the Stay Motion will be heard and to date not a single payment had been made to the Beneficiaries.

In *In re McCombs*, the Honorable John E. Ryan held that:

> The analysis of the Supreme Court in Timbers is instructive here. The phrase "interest in property" in § 363(e) means the value of the collateral. That is the interest that I am required to protect. If that value is likely to diminish during the time of the use, adequate protection must be provided by the Debtor.

*McCombs, supra,* 88 B.R. at 266. *Accord, In re Delta Resources, Inc.,* 54 F.3d 722, 730 (11th Cir.), *cert. denied*, 64 U.S.L.W. 3348 (1995); *In re Westchase I L.P.,* 126 B.R. 692, 694-95 (W.D.N.C. 1991). Where the Debtor is unable to provide adequate protection, courts have found that cause exists to modify the automatic stay. See, e.g., *In re Henderson,* 395 B.R. 893 (Bankr. D.S.C. 2008) (finding that cause existed to modify the stay under section 362(d)(1) where the debtor could not make adequate protection payments and evidence indicated that debt had increased and property value had declined).

Section 362(d)(1) requires a court to grant relief from stay if it finds "cause" exists including lack of adequate protection of a party in interest. *See GSB I, LLC v. A Partners, LLC* (*In re A Partners, LLC*), 344 B.R. 114, 126-27 (Bankr. E.D. Cal.2006) ("The language of subsection 362(d)(1) is clear and unambiguous; the court shall grant relief for 'cause.'") (emphasis in original) (citations omitted). Although the term "cause" is not defined in the Bankruptcy Code, factors considered by a court in determining "cause" include the lack of adequate protection, interference with the debtor's bankruptcy, injury to the debtor if the stay is modified, and the balance of harms. See *In re A Partners, LLC,* 344 B.R. at 127; *see also Masseo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139, 142 (2nd Cir. 1999) (citing *Sonnax Industries, Inc. v. Tri Component Prod. Corp* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2nd Cir. 1990), (*quoting* H.R. Rep. No. 95-595, at 343-44 (1977)). Cause can be "any reason cognizable to the equity power and conscience of the court as

constituting an abuse of the bankruptcy process." *In re Little Creek Dev. Co,* 779 F.2d 1068, 1072 (5th Cir. 1986).

Again, it is important to note, that the law is clear – the burden is on the debtor to show that a party seeking relief from the stay is adequately protected. *See* 11 U.S.C. § 362(g). The Debtor has not demonstrated any ability to protect the Secured Creditor's interest in any form whatsoever, and no payment has been offered for the interest that continues to accrue, and has gone unpaid during the entire pendency of the loan. No case in the Ninth Circuit has relieved a Debtor of the requirement to demonstrate adequate protection in light of recurring interest payments.

The Debtor has no income stream, so he cannot possibly pay debt service. Debtor has no additional property with equity to encumber, so he cannot give the Secured Creditor a replacement lien or give the Secured Creditor property that will enable Debtor to realize the "indubitable equivalent" of their interest in the collateral.

It also bears noting that the Debtor may have even been contemplating bankruptcy while taking out this loan with Secured Creditor. The timing is suspicious. Because the Debtor did not meet his burden of proof showing that he could adequately protect the Secured Creditor's interest in the Property, the Stay Motion should be granted under section 362 (d)(1) of the Bankruptcy Code, thereby allowing the Secured Creditor to foreclose on the Property or ordering adequate protection payments in accordance with the loan.

Movant respectfully requests that the Motion be granted.

Dated: October 15, 2019    By: _____
Blake Lindemann (SBN 255747)

Counsel to Secured Creditor
*MMRC, LLC*

**SUPPLEMENTAL DECLARATION OF JUSTIN LAND**

I, Justin Land, declare and state as follows:

1.   I am over the age of eighteen and a resident of Los Angeles County. I have personal knowledge of the facts set forth herein and, if called as a witness, I would so testify thereto. I am the president for the secured creditor. I submit this Declaration in support of the Debtor's Motion For Relief From Stay.

2.   The loan given to DJPE Corporation was a one year loan. MMRC has never received payment on the loan.

3.   The principal of the loan is $463,500. MMRC was entitled to 10% interest from March 1, 2019 to March 2, 2019 for a total of $128.75, 16% interest from March 2, 2019 to September 30, 2019 for a total of $43,672, and, up to this date, $5,5000 in attorney's fees and costs. The overdue loan fee is $9,270. The late fee total is $592.25, plus a forced placed insurance in the amount of $817.79. These amounts added up totaling $523,480.79, exceed the valuation we have provided of the Property at $500,000.

I declare under penalty of perjury under the Laws of the United States that the foregoing is true and correct.

EXECUTED THIS 15TH DAY OF OCTOBER 2019.



JUSTIN LAND

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210

A true and correct copy of the foregoing document entitled: **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 15, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On October 15, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 15, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Hon. Hon. Robert Kwan
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012-3332
(courtesy copy – bin outside of Suite 1552)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 15, 2019 | Nataly Grande | /s/ Nataly Grande |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*             **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Baruch C Cohen on behalf of Creditor YCCS LLC
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Baruch C Cohen on behalf of Interested Party Courtesy NEF
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Sean C Ferry on behalf of Creditor Selene Finance LP
sferry@rasflaw.com, sferry@ecf.courtdrive.com

Todd S Garan on behalf of Creditor JPMorgan Chase Bank, N.A.
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Todd S Garan on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Nichole Glowin on behalf of Creditor GREEN LAWN MORTGAGE LOAN TRUST 1, BYUS BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE
nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net

Blake J Lindemann on behalf of Interested Party MMRC, LLC
Blake@lawbl.com, Nataly@lawbl.com

Erica T Loftis Pacheco on behalf of Creditor Rehabbers Financial Inc. dba Aztec Financial
erica.loftispacheco@bonialpc.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

David A Tilem on behalf of Debtor David Lee
davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;DianaChau@tilemlaw.com

Edward A Treder on behalf of Interested Party Courtesy NEF
cdcaecf@bdfgroup.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**