Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
  A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501   Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorneys for Secured Creditor YCCS, LLC.*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID LEE,<br><br>   Debtor | Case No. 2:19-bk-10119-RK<br><br>Chapter 11<br><br>**SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF YCCS, LLC FOR RELIEF FROM THE AUTOMATIC STAY [DOCKET 108]; DECLARATION OF CURTIS DEWEESE IN SUPPORT THEREOF**<br><br>DATE: November 5, 2019<br>TIME: 11:00 a.m.<br>CTRM: 1675 |

  YCCS, LLC, a Hawaiian Limited Liability Co. ("YCCS") files this Supplemental Points and Authorities ("Supplement") in Support of its Motion for Relief From the Automatic Stay [Doc No. 108] ("Motion") with respect to the real property of David Lee, debtor and debtor in possession ("Debtor"). commonly known as 840 Dunsmuir Ave., Los Angeles, CA 90036 ("Property"), which Property is the principal residence of the Debtor.

DATED: October 17, 2019    LAW OFFICE OF BARUCH C. COHEN
                  A Professional Law Corporation

                  By /S/ Baruch C. Cohen
                  Baruch C. Cohen, Esq.
                  Attorneys for Secured Creditor YCCS, LLC

10/17-3:35pm

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    BACKGROUND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        CAUSE EXISTS UNDER SECTION 362(d)(1) TO GRANT RELIEF FROM THE AUTOMATIC STAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        THE DEBTOR CANNOT MODIFY THE TERMS OF THE NOTE . . . . 2

        THE DROP-DEAD DATE OF DECEMBER 1, 2019 CREATES AN INCURABLE DEFAULT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES

**CASES**

*Great Western Bank & Trust v. Entz White Lumber and Supply, Inc. (In re Entz White Lumber and Supply Inc.* ), 850 F.2d 1338 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Worthington v. General Motors Corp* (*In re Claremont Acquisition Corp*), 113 F.3d 1029 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

11 U.S.C. § 1112(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 1123(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

11 U.S.C. § 1325(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 362(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 362(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

11 U.S.C. § 362(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11 U.S.C. § 362(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 362(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 365 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11 U.S.C. § 365(b)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1. **MEMORANDUM OF POINTS AND AUTHORITIES**

    a. **INTRODUCTION**

At the initial hearing on the Motion held on July 30, 2019, this Court continued the hearing to November 2019 to permit YCCS to address a single issue: whether under 11 U.S.C. § 362(d)(1) cause exists to terminate the automatic stay where a note secured solely by a deed of trust to the Debtor's residence has a due date of December 1, 2019.  As of December 2, 2019, the answer is a resounding yes.  Under most circumstances, the passage of a due date under a note is not cause for relief from stay under 11 U.S.C. § 362(d)(1).  11 U.S.C. § 1123(b)(5) generally permits a plan to modify the rights of holders of secured claims, including fully matured claims.  However, the text of 11 U.S.C. § 1123(b)(5) expressly prohibits the modification of a secured claim "secured only by a security interest in real property that is the debtor's principal residence."  In this case, there is no dispute that the Property described in the Motion is the Debtor's principal residence and that the claim of YCCS is secured solely by the Property.  Unless the Debtor pays all sums due on the Note on or before December 1, 2019, via refinance or sale of the Property, the Debtor faces a default which cannot be modified or cured..  The inability to modify the terms of the  Note and the creation of an incurable default each constitute cause for relief from the automatic stay.  The Motion should be granted, effective December 2, 2019.

    b. **BACKGROUND FACTS**

On July 2, 2019, YCCS filed the Motion [Document 108], where YCCS makes it clear that it will not consent to any extension of time of the drop-dead date of December 1, 2019 for payment of all sums due under the Note and that its claim against the Debtor is secured solely by the Debtor's residence. Motion, 12:8-10.   On July 16, 2019, the Debtor filed his Opposition [Document No. 128] to the Motion, where the Debtor confirms  that the Property " is currently and was, at the inception of the case, Debtor's place of abode."   Opposition, 3:3-4, On July 23, YCCS filed its Reply [Document No. 136] to the Opposition, where YCCS expressly waived at that time any claim for relief under 11 U.S.C. § 362(d)(2)  *See* Reply, 2:28.

At the hearing on July 30, 2019, this Court indicated it wanted additional briefing regarding whether cause existed under 11 U.S.C. § 362(d)(1) to grant relief from the automatic

stay. Pursuant to the Stipulation {Document No. 151]approved pursuant to an order of this Court [Docket No. 153], this Court ordered YCCS to file the Supplement at least 23 days before the hearing, i.e., by October 20, 2019, with the Debtor to file his response at least seven days before the hearing, i.e., on or before November 5, 2019, with the hearing set for 11:00 a.m. on November 12, 2019.

    c.    **LEGAL ARGUMENT**

        i.    **CAUSE EXISTS UNDER SECTION 362(d)(1) TO GRANT RELIEF FROM THE AUTOMATIC STAY**

Pursuant to 11 U.S.C. § 362(d)(1), relief from stay can be granted "for cause, including lack of adequate protection." As set forth in section 102(3), "Includes" and "including" are not limiting; cause can include matters not expressly stated in the statute. *See Marsch v. Marsch, (In re Marsch),* 36 F.3d 825 (9th Cir. 1994)(even though not listed as cause under 11 U.S.C. § 1112(b)(4), bad faith filing of chapter 11 petition constitutes cause for dismissal of case). Finally, as set forth in 11 U.S.C. § 362(g)(1) and 11 U.S.C. § 362(g)(2), in any relief motion under 11 U.S.C. § 362(d), "(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and (2) the party opposing such relief **has the burden of proof on all other issues.**" (Emphasis added).

    (1)    **THE DEBTOR CANNOT MODIFY THE TERMS OF THE NOTE**

Normally, a debtor could file a plan and modify the rights of secured claims, even claims that have fully matured. *See, e.g., Great Western Bank & Trust v. Entz White Lumber and Supply, Inc. (In re Entz White Lumber and Supply Inc.* ), 850 F.2d 1338 (9th Cir. 1988)(if chapter 11 plan cures default on **matured loan**, debtor may avoid consequences of default, including higher default interest)(Emphasis added). In this case, the express language of the Bankruptcy Code precludes modification of the Note beyond the maturity date of December 1. 2019.

The inability of the Debtor to pay in full all sums to YCCS on or before December 1, 2019, constitutes cause for relief from stay, effective December 2, 2019. The payment date of December 1, 2019 is set in stone because the Note cannot be modified. YCCS's Deed of Trust is

1 secured solely by the Debtor's residence, and pursuant to 11 U.S.C. § 1123(b)(5), the Debtor
2 cannot modify the rights of YCCS to be paid in full on or before December 1, 2019. The only
3 options for the Debtor are to sell or refinance the Property with the sums being paid to YCCS on
4 or before December 1, 2019.  As of October 8, 2019, that sum is $498,018.89.  *See* Declaration
5 of Curtis DeWeese.

6      The Debtor cannot modify the terms of the Note and is facing an incurable default if he
7 does not pay in full all sums due on the Note on or before December 1, 2019.  Pursuant to 11
8 U.S.C. § 362(g)(2), the Debtor has the burden of proof of showing that his inability to modify the
9 Note and timely pay all sums due under the Note does not constitute cause 11 U.S.C. § 362(d)(1).
10 The only way the Debtor can prevail is if he pays all sums due under the Note on or before
11 December 1, 2019.  If that does not occur, then the Motion should be granted, effective
12 December 2, 2019.

13      (2)    **THE DROP-DEAD DATE OF DECEMBER 1, 2019**
14      **CREATES AN INCURABLE DEFAULT**

15      As set forth above, YCCS must receive all sums due under the Note on or before
16 December 1, 2019, which date cannot be modified in any way.  Accordingly, if the Debtor does
17 not sell or refinance the Property and pay YCCS in full by December 1, 2019, the Debtor is
18 facing a default he cannot cure, which would be additional cause to grant relief from stay..

19      The concept of incurable defaults rears its head in motions to cure defaults and assume
20 and assign leases under 11 U.S.C. § 365.  While not directly applicable, the focus of leases
21 regarding "cure, assure, and assign" is instructive. In *Worthington v. General Motors Corp* (*In re*
22 *Claremont Acquisition Corp*), 113 F.3d 1029 (9th Cir. 1997), the debtor wanted to assign its car
23 dealership to Plaintiff Worthington. Unfortunately, the debtor was in default under its agreement
24 with GM because the debtor had ceased business operations for two weeks while contemplating
25 the filing of a chapter 11 petition. The terms of the debtor's agreement with GM stated that the
26 failure to operate for seven consecutive business days would be a default.  The debtor argued that
27 this was a monetary default --, a penalty provision that could be cured under 11 U.S.C. §
28 365(b)(2)(D) – thereby allowing the assumption and assignment of the dealership agreement.

1   The Ninth Circuit determined that ceasing operations for two weeks was a nonmonetary default
2   that could not be cured and held that the debtor's incurable nonmonetary default – the failure to
3   operate its car dealership – precluded assignment of the GM dealer agreement.
4       Like the situation in *Worthington*, the Debtor here is facing an incurable default directly
5   related to the language of the Bankruptcy Code.  11 U.S.C. § 1123(b)(5) expressly states that a
6   claim secured only by the debtor's personal residence cannot be modified.  The Debtor has no
7   ability under the express terms of the Bankruptcy Code  to modify the drop-dead date of
8   December 1, 2019.  Just as the nonmonetary default in Worthington of shutting the business for
9   two weeks  cannot be cured, so too the Debtor cannot avoid the impact of the express language of
10  11 U.S.C. § 1325(b)(5) regarding the inability to modify the Note and his concurrent obligation
11  to pay all sums due and owing under the Note on or before  December 1, 2019.  Both are
12  incurable defaults. There is no way out; the Debtor is bound by the express language of the
13  Bankruptcy Code. After December 1, 2019, the Debtor has no ability to comply with the express
14  terms of the Bankruptcy Code insofar as he may wish to retain his interest in the Property. The
15  drop dead date here, like the nonmonetary default in *Worthington,* creates a default that cannot be
16  cured.  The Motion should be granted, effective December 2, 2019.
17      d.    **CONCLUSION**
18      If the Debtor wants to ensure he retains his interest in the Property, he will have to sell or
19  refinance the Property in time to pay YCCS on or before December 1, 2019 all sums due under
20  the Note. 11 U.S.C. § 1123(b)(5), which generally permits a debtor to modify claims, even with
21  matured notes, expressly carves out claims secured solely by a security interest in the Debtor's
22  residence, as is the case with the Property here..  The statutory provisions of 11 U.S.C. §
23  1325(b)(5) create an incurable default for the Debtor if he cannot refinance or sell the Property
24  and pay YCCS on or before  December 1, 2019. YCCS will not modify that drop dead date.
25  Since the Debtor has no possible way to fulfill his obligation to pay the Note after the drop dead
26  date of December 1, 2019, this Court should grant the Motion, with an effective date of
27  December 2, 2019.
28

1   DATED:          October 17, 2019              LAW OFFICE OF BARUCH C. COHEN
                                                  A Professional Law Corporation
2
                                                  By ___/S/ Baruch C. Cohen_____
3                                                 Baruch C. Cohen, Esq.
                                                  Attorneys for Secured Creditor YCCS, LLC
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10/17-3:35pm                                      5

**DECLARATION OF CURTIS DEWEESE**

I, Curtis DeWeese, declare as follows:

1. I am the managing member of YCCS, LLC, a Hawaiian limited liability company. If called upon as a witness, I could and would testify to the following, all of which is within my personal knowledge.

2. This Declaration is in support of **SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF YCCS, LLC FOR RELIEF FROM THE AUTOMATIC STAY [DOCKET 108]**.

3. I am the principal owner of YCCS LLC, a Hawaiian Limited Liability Company (hereinafter referred to as "YCCS"), which holds a 2nd Deed of Trust dated 11-14-2017, that was executed by the Debtor in favor of YCCS as beneficiary, that was recorded on 11-21-2017, as Instrument No. 20171343125, on the Debtor's property located at 840 South Dunsmuir, Los Angeles, CA 90036.

4. I have been involved in real estate transactions for approximately 32 years. I have dealt with all aspects of real property transactions, including refinancing property and obtaining loans for junior liens on properties. My primary experience is in real estate development, construction, financing and workouts throughout the western United States on behalf of institutional parties and on my own account.

5. As of October 8, 2019, the outstanding obligation due and owing under the Note (Exhibit 2 to the Motion) is $498,018.89. That figure does not include certain additional costs and expenses, including attorney's fees .and future interest that accrues under the Note.

6. The obligations set forth in the Note are secured solely by the Property, which is the Debtor's residence. YCCS holds no other security for repayment of the obligations in the Note.

7. As I have indicated for over five months, YCCS will not consent to modify the terms of the Note and must be paid in full on or before December 1, 2019.

/ / /

/ / /

10/17-3:35pm

6

1 | .      I declare under penalty of perjury under the laws of the United States of America that the
2 | foregoing is true and correct and that this Declaration was executed on October 17, 2019.

_____
CURTIS DEWEESE

C:\DATA\DOCS\DEWEESE-YCCS\SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF YCCS, LLC FOR RELIEF FROM THE AUTOMATIC STAY.wpd
10/17-6:28am

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.**

A true and correct copy of the foregoing document entitled: **SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF YCCS, LLC FOR RELIEF FROM THE AUTOMATIC STAY [DOCKET 108]; DECLARATION OF CURTIS DEWEESE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/17/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David A Tilem for Debtor, David Lee
    *davidtilem@tilemlaw.com, davidtilem@ecf.inforuptcy.com; joanfidelson@tilemlaw.com; joanfidelson@ecf.inforuptcy.com; dianachau@tilemlaw.com; malissamurguia@tilemlaw.com; malissamurguia@ecf.inforuptcy.com*
Sean C Ferry for Selene Finance LP
    *sferry@rasflaw.com, sferry@ecf.courtdrive.com*
Todd S Garan for JPMorgan Chase N.A.
    *ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com*
Nichole Glowin for Green Lawn Mortgage
    *nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net*
Blake J Lindemann for MMRC, LLC
    *Blake@lawbl.com, Nataly@lawbl.com*
Erica T Loftis Pacheco for Rehabbers Financial Inc, dba Aztec Financial
    *erica.loftispacheco@bonialpc.com*
Valerie Smith for PRA Receivables Management LLC
    *claims@recoverycorp.com*
Edward A Treder (IP)    *cdcaecf@bdfgroup.com*
US Trustee (LA)    *ustpregion16.la.ecf@usdoj.gov*
Hatty K Yip (TR)    *hatty.yip@usdoj.gov*

**2. SERVED BY UNITED STATES MAIL**: On 7/8/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 7/8/2019,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Robert N. Kwan, USBC, Central District of California, 255 E. Temple Street, Suite 1682, Los Angeles CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/17/2019 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| David Lee<br>840 Dunsmuir Ave<br>Los Angeles CA 90036 | Chase<br>POB 901076<br>Ft. Worth, TX  76101 |
| Amer Assist AR Solutions, Inc.<br>P.O. Box 26095<br>Columbus, OH 43226-0095 | Target RedCard<br>PO Box 5332<br>Sioux Falls SD 57117-5332 |
| Comenity-Total Rewards Visa<br>P.O. Box 659450<br>San Antonio, TX 78265-9450 | US BANK<br>PO Box 108<br>Saint Louis, MO 63166-0108 |
| Discover Card/ Discover it Miles Card<br>PO Box 51908<br>Los Angeles, CA 90051-6208 | US Bank Home Mortgage<br>4601 Frederica Street<br>Owensboro, KY 42301-7439 |
| First National Bank<br>PO Box 2557<br>Omaha, NE 68103-2557 | Virgin America<br>PO Box 659450<br>San Antonio, TX 78265-9450 |
| Franchise Tax Board<br>PO Box 942840<br>Sacramento, CA 94240-0001 | BSI Financial Services<br>314 S. Franklin Street, 2nd Floor<br>Titusville, PA 16354-2168 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101 | LA Co. Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 |
| LA DWP<br>111 N Hope St<br>Los Angeles., CA 90012-2607 | LOANCARE A Servicelink Co.<br>PO Box 8068<br>Virginia Beach, VA 23450-8068 |
| ORBITZ<br>PO Box 659450<br>San Antonio, TX 78265-9450 | Pentagon Federal Credit Union<br>9494 Miramar Rd<br>San Diego, CA 92126-4417 |
| Mercury Payments Services LLC<br>Card Services<br>PO Box 70168<br>Philadelphia, PA 19176-0168 | Synchrony Bank<br>Margaret Keane, CEO<br>170 W Election Rd Ste. 125<br>Draper, UT 84020-6425 |
| Renee E Sanders<br>Law Offices of Renee Estelle Sanders<br>3450 Wilshire Blvd Ste 1214<br>Los Angeles, CA 90010-2208 | Pacific Private Money Inc<br>Mark Hanf, CEO<br>1555 Grant Ave<br>Novato, CA 94945-3120 |
| Discover Bank<br>David W. Nelms, CEO<br>502 E Market Street<br>Greenwood DE 19950 | USBank N.A.<br>Richard K. Davis, CEO<br>425 Walnut Street<br>Cincinnati OH45202 |