PETER C. ANDERSON, UNITED STATES TRUSTEE
JILL M. STURTEVANT, ASSISTANT UNITED STATES TRUSTEE
HATTY YIP, TRIAL ATTORNEY, SBN 246487
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017-3560
(213) 894-1507; Facsimile: (213) 894-2603
hatty.yip@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| In re<br><br>**DAVID LEE**<br><br>Debtor(s). | **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b)(1) TO CONVERT, DISMISS OR APPOINT A CHAPTER 11 TRUSTEE; DECLARATION OF BANKRUPTCY ANALYST**<br><br>CHAPTER 11<br><br>CASE NUMBER **2:19-bk-10119-RK** |
|---|---|

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on the following date and time in the indicated courtroom, the United States Trustee will move, and does hereby move the Court for an order either converting the above entitled chapter 11 case to chapter 7, dismissing the case, or appointing a chapter 11 trustee, and for such other relief as may be appropriate on the grounds set forth below.

| **Hearing Date:** 12/4/2019 | **Time:** 11:00 a.m. | **Courtroom:** 1675 |
|---|---|---|
| **Location:** 255 E. Temple Street, Los Angeles, California 90012 | | |

Local Bankruptcy Rule 9013-1(f) requires that any opposition or response to this motion be stated in writing, filed with the Clerk of the Court and served upon the United States Trustee at the address set forth in the upper left-hand corner of this document, upon the chapter 11 trustee and his or her attorney if a trustee has been appointed, and upon the debtor and the debtor's attorney no less than fourteen (14) days prior to the above hearing date. The court may treat failure to file a written response to this motion within the required time period as consent to the motion.

**FILING INFORMATION**
[X] A voluntary petition under     [ ] chapter 7   [X] chapter 11 [ ] chapter 13 was filed on: **1/07/2019**
[ ] An involuntary petition under  [ ] chapter 7   [ ] chapter 11 was filed on:
[ ] An order of relief under        [ ] chapter 7   [ ] chapter 11 was entered on:
[ ] An order of conversion to       [ ] chapter 7   [ ] chapter 11 [ ] chapter 13 was entered on:
**PROCEDURAL STATUS**
[ ] An order for the appointment of a chapter 11 trustee (examiner) was entered on:
[ ] Name of trustee (examiner) appointed:

Revised 09/30/19

| In Re: David Lee | CHAPTER 11 |
|---|---|
| Debtor(s) | CASE NUMBER **2:19-bk-10119-RK** |

[ ] Name of attorney of record for trustee (examiner):
[ ] The petition was filed by a corporation without an attorney in violation of Local Bankruptcy Rule 9011-2(a) which prohibits a corporation, partnership or unincorporated association from filing a petition or otherwise appearing without counsel except for limited circumstances not applicable to prosecuting this Chapter 11 case.

**FACTS**

1.    [ ] The Debtor(s) is/are a small business debtor as that term is defined in 11 U.S.C. § 101(51D).
      [ ] The Debtor is a single asset real estate debtor as that term is defined in 11 U.S.C. § 101(51B).
      [X] To date, no Disclosure Statement or Plan of Reorganization has been filed or submitted by the Debtor(s).
      [ ] The Debtor(s) has failed to schedule a hearing for approval of the Disclosure Statement or Plan.
      [ ] A hearing to consider the adequacy of information in the Debtor's(s') Disclosure Statement is set for:
      [ ] The Disclosure Statement was approved by the Court by an Order entered on:

2. The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides Effective September 1, 2011 (Notices and Guides), Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:[1]
[ ] Schedules of Assets and Liabilities.
[ ] Statement of Financial Affairs.
[ ] Form B22B, Statement of Current Monthly Income.
[ ] Credit Counseling Certificate and copy of any debt repayment plan.
[ ] List of the twenty (20) largest unsecured creditors.
[ ] Notice of Setting/Increasing Insider Compensation.
[ ] Application to Employ Attorney.
[ ] Appear at the Initial Debtor Interview.
[ ] Appear at the duly noticed § 341(a) examination.
[ ] Debtor's(s)' compliance was not submitted in the format required by the Notices and Guides and was rejected on _____ for the reasons set forth in the declaration of Bankruptcy Analyst.
[ ] Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements For Chapter 11 Debtors In Possession ("Chapter 11 Compliance declaration").
[ ] Real Property Questionnaire(s).
[ ] Sufficient evidence of closing of all pre-petition bank accounts including: voided annotated check(s)
[ ] Closing bank statements; and/or
[ ] Bank Account Information in the Chapter 11 Compliance declaration.
[ ] Sufficient evidence of the opening and maintenance of three debtor-in-possession bank accounts (general, payroll and tax)[2] including: (1) a copy of the "debtor-in-possession" check for each account.

---

[1]The United States Trustee respectfully requests that the Court take judicial notice of Debtor's petition, schedules, statement of financial affairs and other documents filed therewith and any amendments thereto which are in the Court's filed, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

| In Re: David Lee | Debtor(s) | CHAPTER 11 |
| | | CASE NUMBER 2:19-bk-10119-RK |

[X] Sufficient evidence of current insurance coverage including:
    [X] The declaration page for each policy: real property and motor vehicle insurance; and/or
    [ ] Insurance information in the Chapter 11 Compliance declaration.
[ ] Proof of required certificates and/or applicable licenses in the Chapter 11 Compliance declaration.
[ ] A list of insiders as defined at 11 U.S.C. § 101(31) in the Chapter 11 Compliance declaration.
[ ] Financial Statement information in the Chapter 11 Compliance declaration.
[ ] A projected cash flow statement for the first ninety (90) days of operation under chapter 11.
[ ] A conformed copy(ies) of the recording of the Debtor's bankruptcy petition in each county in which real property is owned (Los Angeles County).
[ ] A Statement of Major Issues and Timetable Report.
[ ] Provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.
[ ] An Employee Benefit Plan Questionnaire
[X] Monthly Operating Report(s):
    [ ] Since filing
    [X] For the following period: 9-30-19
[X] Pay quarterly fees:
    [ ] Since filing
    [X] For the following quarters: fees for the quarterly period ending 9-30-19 will be considered late if not paid in full by 10-31-19; fees for the quarterly period ending 12-31-19 continue to accrue.
[ ] Quarterly disbursement amounts for computation of quarterly fees:
    [ ] Since filing
    [ ] For the following quarters:
[ ] While Debtor(s)'s Schedule A and/or real property questionnaire(s) list an ownership interest in one or more real property/ies and Debtor(s)'s Schedule I and/or real property questionnaire(s) list income from real property/ies, to date, neither a motion to use cash collateral nor a stipulation consenting to Debtor(s)'s use of cash collateral related to the subject real property/ies has been filed with the Court.

3. [ ] Additional facts in support of the motion include:

4. [ ] Attached to the declaration of bankruptcy analyst, are true and correct copies of the following documents in support of the above allegations:

---

[2] Unless Debtor has requested in writing that the United States Trustee waive one or more of the required accounts and the United States Trustee has granted the request in writing.

| In Re: David Lee | Debtor(s) | CHAPTER 11 |
| --- | --- | --- |
| | | CASE NUMBER 2:19-bk-10119-RK |

## MEMORANDUM OF POINTS AND AUTHORITIES

- Except as provided in paragraph (2) and subsection ( C ), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."11 U.S.C. § 1112(b)(1).

- "For the purposes of this subsection, the term "cause" includes- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; ( C ) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any); (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; (K) failure to pay any fees or charges required under chapter 123 of title 28; (L) revocation of an order of confirmation under section 1144 of this title; (M) inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan; (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." *11 U.S.C. § 1112(b)(4)*.

- "In a small business case . . . (2) the plan and disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief". *11 U.S.C. § 1121(e)(2)*.

- Local Bankruptcy Rule 2015-2(b) provides that timely compliance with the reasonable requirements of the Office of the United States Trustee is mandatory.

- Failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss a chapter 11 case or convert it to one under chapter 7 (11 U.S.C. § 1112(b)(1) and (b)(4)), [*In re 3868-70 White Plains Road Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco*, 5 B.R. 466 (Bank. D. Mass.1980); *In re Pappas*, 17 B.R. 662 (Bankr. D. Mass. 1982)].

- The court may convert or dismiss a case where no reasonable possibility of effective reorganization exists, the debtor is unable to effectuate a plan and/or for unreasonable delay which prejudices the rights of creditors. *See, e.g., In re Johnston*, 149 Bankr 158, 161 (9th Cir. BAP 1992).

- Under 11 U.S.C. § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of the several court actions will best serve the estate's creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of the creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re: Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

| In Re: David Lee                          Debtor(s) | CHAPTER 11 |
|---|---|
| | CASE NUMBER **2:19-bk-10119-RK** |

- The court may prohibit the debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case. 11 U.S.C. §§ 105, 109(g) and 349(a).

**Based on the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows.**

1. That the Court grant the United States Trustee's motion per §1112(b)(1) and either dismiss this case, convert it to one under chapter 7 or appoint a Chapter 11 trustee if in the best interest of creditors. Based on the United States Trustee's review of the record and evidence, the United States Trustee suggests:
   ☒ conversion
   ☐ dismissal
   ☐ dismissal with a 180-day bar
   ☐ conversion or dismissal, at the Court's discretion, whichever is in the best interest of creditors.

   Based on a review of the Debtor's Schedules, the U.S. Trustee contends that conversion appears to be in the best interest of creditors because there are real property assets for a trustee to evaluate and possibly administer. *See* In re Sullivan, 522 B.R. 604, 612 (9th Cir. BAP 2014). Moreover, there are not unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. So, based on the evidence currently available, conversion would be in the best interests of creditors.

2. If the case is converted to one under chapter 7, that the Court enter an order requiring debtor's counsel to file a fee application under Bankruptcy Code § 330 within thirty (30) days.

3. If the case is dismissed, and the Court finds cause, that the court enter an order prohibiting the debtor from filing another bankruptcy petition for a period of 180 days after the date of entry of the order of dismissal.

4. In the alternative, that the Court set dates certain for the debtor to file a disclosure statement and plan, to obtain court approval of the adequacy of information in the disclosure statement, and to obtain court confirmation of a plan of reorganization ("dates certain") and that this court order that the debtor remain in full and timely compliance with the United States Trustee requirements.

5. If the court sets date(s) certain and/or orders that the debtor remain in full and timely compliance with the United States Trustee requirements, that the court further order that if the debtor fails to comply with any date set or to remain in full and timely compliance, that this case may be converted or dismissed without further hearing, upon application of the United States Trustee to the court, served upon debtor and debtor's counsel.

6. That the court order such other and further relief as may be appropriate in the circumstances.

Date: 10/3-/19

PETER C. ANDERSON
UNITED STATES TRUSTEE

By /s/ Hatty Yip
Hatty Yip
Attorney for United States Trustee

# DECLARATION

| In Re: David Lee                     Debtor(s) | CHAPTER 11 |
|---|---|
| | CASE NUMBER 2:19-bk-10119-RK |

# DECLARATION OF BANKRUPTCY ANALYST

I am over the age of eighteen years and am not a party to this case. If called upon to testify I could and would do so competently. I am employed as a Bankruptcy Analyst by the Office of the United States Trustee for the Central District of California, in the Los Angeles Field Office. I am the Bankruptcy Analyst assigned to David Lee, Case No. 2:19-bk-10119-RK. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

1. I am familiar with the procedures of the United States Trustee for maintaining paper and electronic submissions by debtors of the requirements of the United States Trustee for Chapter 11 debtors. These procedures include the routine maintenance of paper and electronic submissions by debtors in electronic files that are maintained for each Chapter 11 case in order for the United States Trustee to discharge his statutory duties. I have reviewed the files and electronic records of the United States Trustee for his case and have included the results of my review in this declaration.

2. [ ] The petition was filed by a Corporation without an attorney in violation of Local Bankruptcy Rule 9011-2(a) which prohibits a corporation, partnership or unincorporated association from filing a petition or otherwise appearing without counsel except for limited circumstances not applicable to prosecuting this Chapter 11 case.
   [ ] The Debtor(s) is/are a small business debtor as that term is defined in 11 U.S.C. § 101(51)(D).
   [X] To date, no Disclosure Statement or Plan of Reorganization has been filed or submitted by the Debtor(s).
   [ ] The Debtor(s) has failed to schedule a hearing for approval of the Disclosure Statement or Plan.
   [ ] A hearing to consider the adequacy of information in the Debtor's(s') Disclosure Statement is set for:
   [ ] The disclosure statement was approved by the Court by an Order entered on:

3. [X] The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides, Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:

   [ ] Schedules of Assets and Liabilities.
   [ ] Statement of Financial Affairs.
   [ ] Form B22B, Statement of Current Monthly Income.
   [ ] Credit Counseling Certificate and copy of any debt repayment plan.
   [ ] List of the twenty (20) largest unsecured creditors.
   [ ] Notice of Setting/Increasing Insider Compensation.
   [ ] Application to Employ Attorney.
   [ ] Appear at the Initial Debtor Interview.
   [ ] Appear at the duly noticed § 341(a) examination.
   [ ] Debtor's(s)' compliance was not submitted in the format required by the Notices and Guides and was rejected on _____ for the reasons set forth in the declaration of Bankruptcy Analyst.
   [ ] Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements For Chapter 11 Debtors In Possession ("Chapter 11 Compliance declaration").
   [ ] Real Property Questionnaire(s).
   [ ] Sufficient evidence of closing of all pre-petition bank accounts including: voided annotated check(s)
   [ ] Closing bank statements; and/or
   [ ] Bank Account Information in the Chapter 11 Compliance declaration.

| In Re: David Lee | CHAPTER 11 |
|---|---|
| Debtor(s) | CASE NUMBER 2:19-bk-10119-RK |

[ ] Sufficient evidence of the opening and maintenance of three debtor-in-possession bank accounts (general, payroll and tax)³ including: (1) a copy of the "debtor-in-possession" check for each account.
[X] Sufficient evidence of current insurance coverage including:
    [X] The declaration page for each policy: real property and motor vehicle insurance; and/or
    [ ] Insurance information in the Chapter 11 Compliance declaration.
[ ] Proof of required certificates and/or applicable licenses in the Chapter 11 Compliance declaration.
[ ] A list of insiders as defined at 11 U.S.C. § 101(31) in the Chapter 11 Compliance declaration.
[ ] Financial Statement information in the Chapter 11 Compliance declaration.
[ ] A projected cash flow statement for the first ninety (90) days of operation under chapter 11.
[ ] A conformed copy(ies) of the recording of the Debtor's bankruptcy petition in each county in which real property is owned (Los Angeles County).
[ ] A Statement of Major Issues and Timetable Report.
[ ] Provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.
[ ] An Employee Benefit Plan Questionnaire
[X] Monthly Operating Report(s):
    [ ] Since filing
    [X] For the following period: 9-30-19
[X] Pay quarterly fees:
    [ ] Since filing
    [X] For the following quarters: fees for the quarterly period ending 9-30-19 will be considered late if not paid in full by 10-31-19; fees for the quarterly period ending 12-31-19 continue to accrue.
[ ] Quarterly disbursement amounts for computation of quarterly fees:
    [ ] Since filing
    [ ] For the following quarters:
[ ] While Debtor(s)'s Schedule A and/or real property questionnaire(s) list an ownership interest in one or more real property/ies and Debtor(s)'s Schedule I and/or real property questionnaire(s) list income from real property/ies, to date, neither a motion to use cash collateral nor a stipulation consenting to Debtor(s)'s use of cash collateral related to the subject real property/ies has been filed with the Court.

4. [ ] Additional facts in support of the motion include:

5. [ ] Attached are true and correct copies of the following documents in support of the above allegations:

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the following date at Los Angeles, California.

Date: October 25, 2019

                                                Gary Baddin
                                              Bankruptcy Analyst

---

³ Unless Debtor has requested in writing that the United States Trustee waive one or more of the required accounts and the United States Trustee has granted the request in writing.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): __**NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b)(1) TO CONVERT, DISMISS OR APPOINT A CHAPTER 11 TRUSTEE**__
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __10/30/19__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED LIST

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __10/30/19__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
DEBTOR: David Lee, 840 Dunsmuir Avenue, Los Angeles, CA 90036
MANUAL: Dalida Sanfrancisco, 14862 Sabre Lane, Huntington Beach, CA 92647

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __10/30/19__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
JUDGE'S COPY: [Pursuant to the UST's agreement with the U.S. Bankruptcy Court, Judge's Courtesy Copy was mailed via Federal Express overnight mail to the following address] U.S. Bankruptcy Court, 255 E. Temple St., Room 940, Los Angeles, CA 90012, Attn: Mail Room Clerk—Judges Copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/30/19 | Lawrence Pleasant | /s/ Lawrence Pleasant |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Sean C Ferry    sferry@rasflaw.com, sferry@ecf.courtdrive.com
- Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Nichole Glowin    nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net
- Blake J Lindemann    Blake@lawbl.com, Nataly@lawbl.com
- Erica T Loftis Pacheco    erica.loftispacheco@bonialpc.com
- Valerie Smith    claims@recoverycorp.com
- David A Tilem    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- Edward A Treder    cdcaecf@bdfgroup.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

FROM: OFFICE OF THE UNITED STATES TRUSTEE

DATE: October 30, 2019

TO: BANKRUPTCY NOTICING CENTER

SUBJECT: UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

**PART I**

**Please notice the subject motion for the following Chapter 11 case:**

CASE NUMBER: 2:19-bk-10119-RK

CASE NAME: David Lee

DATE PETITION FILED: 1/7/19

HEARING DATE: 12/4/19          TIME: 11:00 a.m.

COURTROOM: 1675

CONTACT AT U.S. TRUSTEE'S OFFICE:    Hatty Yip

                                                                  Trial Attorney

For Conversion or Dismissal Only

Does the conversion or dismissal involve a joint petition wherein one party (husband or wife) has been converted or dismissed?

{ } Yes          { } No

If yes, explain:


PREPARED BY: Lawrence Pleasant

---

**PART II**    (To be completed by BANS)

Data Entry Operator _____ Date Entered _____

Comments: _____