Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501    Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorneys for Secured Creditor YCCS, LLC.*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:19-bk-10119-RK |
| DAVID LEE, | Chapter 11 |
|         Debtor | Honorable Robert Kwan |
| | **LIMITED OPPOSITION OF YCCS, LLC TO DEBTOR'S MOTION [DOC-195] FOR ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT PURSUANT TO 11 U.S.C. § 364(c)(2); DECLARATIONS OF CURTIS DEWEESE AND BARUCH C. COHEN IN SUPPORT THEREOF** |
| | DATE: November 14, 2019<br>TIME: 11:30 a.m.<br>CTRM: 1675 |

YCCS. LLC ("YCCS") files this Limited Opposition to the Motion of David Lee, debtor and debtor in possession ("Debtor") for Order Authorizing Debtor to Obtain Credit Pursuant to 11 U.S.C. § 364(c)(2) ("Finance Motion") (Doc-195).

1.     **YCCS' POSITION REGARDING THE FINANCE MOTION**

    As long as on or before 12-1-2019, YCCS actually receives all sums due under its Note, which total is $512,847.62 as of 11-27-2019, YCCS has no objection to the Finance Motion.

2.     **YCCS' CONCERN WITH THE FINANCE MOTION'S PROVISO TO "SUPPLEMENT THE LOAN PROCEEDS"**

    When one looks at the body of the Finance Motion, it would appear that this would not be an issue. However, in the Finance Motion, 7:16-24, the Debtor states as follows:

1
2
3
4

"To reiterate, the proposed loan would replace , i.e., ***take-out or completely satisfy all of the existing debt secured by the Residence***. [footnote omitted]. ***All of the existing debt would be paid in full***. If the proposed loan amount is not sufficient to do that,(based on the beneficiary statements to submitted to escrow), ***the Debtor may need to supplement the loan proceeds***. If that is not possible, the new lender will not fund and the proposed financing will not move forward." (Emphasis added)

5    It would appear that it was intended that both YCCS and Selene Finance, LP ("Selene")

6    would be "paid in full" from the proposed loan proceeds requested in the Finance Motion.

7    However, paying all debt secured by the Residence could pose a problem for the Debtor's loan

8    because Selene could be owed as much as $688,650.18 (Finance Motion, 3:20-21) and costs of

9    expenses, including broker fees, property taxes, property insurance, and pre-paid interest total

10    $49,570.69. (Finance Motion, 8:7-10). When these figures are added to the $512,847.62 owed to

11    YCCS, the total of just over $1.25 Million exceeds the proposed loan of $1,226,000 by

12    approximately $25,000.00. According to the body of the Finance Motion quoted *supra,* the

13    Debtor would need to "supplement the loan proceeds" or the proposed financing might not go

14    forward. The Debtor does not indicate where or how the Debtor could "supplement the

15    proceeds."

16    3.    **AN INCONSISTENCY EXISTS BETWEEN THE BODY OF THE FINANCE**

17    **MOTION AND RELIEF SOUGHT IN FOOTNOTE 3**

18    Rather than follow the express language contained in the body of the Finance Motion, the

19    Debtor adds a curious footnote that completely contradicts what the body of the Finance Motion

20    stated, and it is this footnote 3 that has caused YCCS to file this Limited Opposition. Footnote 3

21    states:

22
23
24

"If some portion of the amounts sought by Selene or YCCS are disputed by Debtor, Debtor seeks authorization to complete the loan transaction by paying all undisputed amounts, and leave all remaining loan proceeds in escrow until such time as the dispute is either resolved by agreement or by the Court."

25    YCCS objects to the Finance Motion insofar as it seeks authorization to allow the Debtor

26    to withhold allegedly disputed sums and not timely pay YCCS in full. If sums were withheld

27    from YCCS, there would be no assurance that there would be sufficient funds to pay YCCS when

28    it litigated and prevailed in its claim and incurred additional interest and attorneys fees. By the

express terms of the non-modifiable Note, YCCS is entitled to receive all sums due under the

2

1   Note on or before 12-1-2019.

2       YCCS filed its proof of claim on 3-15-2019 [Claim 12], a copy of which claim, without

3   exhibits, is attached to the DeWeese Declaration as Exhibit "2". It is undisputed that the Debtor

4   never objected to the claim of YCCS. Pursuant to 11 U.S.C. § 502(a), the claim of YCCS is now

5   deemed allowed.[1]

6       The Debtor should not be allowed to withhold funds and challenge the secured claim of

7   YCCS because the Debtor may not have sufficient funds to "completely satisfy" all claims with

8   respect to the Residence, as the body of the Finance Motion emphasizes is the required goal.

9       In order to avoid any issue regarding the amount due under the Note, YCCS provided a

10   detailed breakdown of all charges due under the Note [something that the Debtor had never

11   previously requested from YCCS]. Curtis DeWeese, the principal of YCCS, prepared the

12   breakdown of the claim, which breakdown is attached as Exhibit "1" to the Declaration of Mr.

13   DeWeese. At 8:06AM on Sunday morning 11-10-2019, Baruch Cohen, counsel for YCCS,

14   forwarded a copy of the detailed breakdown to Mr. Tilem, counsel for the Debtor. Mr. Tilem has

15   not questioned or contacted Mr. Cohen regarding any of the entries on the breakdown, and

16   rightfully so. Although the Debtor claims that the Note is full of "bells and whistles," YCCS

17   simply and clearly charged the Debtor for delinquent interest, advances to third parties as

18   permitted under the Note, and reasonable costs and attorneys fees.

19       Contrary to the Debtor's statements in the Finance Motion, 6:12-24 regarding the alleged

20   desire of YCCS to own the Residence, YCCS just wants to be timely paid in full for all sums

21   dues under the Note. The body of the Finance Motion makes it clear that the purpose of the loan

22   is to "take out or satisfy all of the existing debt" to ensure that "all of the existing debt is paid in

23   full."

24       The relief sought in footnote 3 – which contradicts the express terms of the body of the

25   Finance Motion – should not be approved because it could needlessly and wrongfully delay full

26

27       [1] U.S. Code § 502.Allowance of claims or interests: (a) A claim or interest, proof of
which is filed under section 501 of this title, is deemed allowed, unless a party in interest,

28   including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7
of this title, objects.

1  payment to YCCS and could result in YCCS not being paid in full in the future. As set forth in

2  detail in the supplemental papers filed with respect to the Relief Finance Motion, 11 U.S.C. §

3  1123(b)(5) precludes modification of the Note, and YCCS must be paid on or before 12-1-2019,

4         Provided that the relief sought in footnote 3 is denied, YCCS has no objection to the

5  relief sought in the Finance Motion.

6

7  DATED:        November 13, 2019        LAW OFFICE OF BARUCH C. COHEN
                                         A Professional Law Corporation
8
                                         By /S/ Baruch C. Cohen
9                                        Baruch C. Cohen, Esq.
                                         Attorneys for Secured Creditor YCCS, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF CURTIS DEWEESE

I, Curtis DeWeese, declare as follows::

1. I am the managing member of YCCS, LLC, a Hawaiian limited liability company. If called upon as a witness, I could and would testify to the following, all of which is within my personal knowledge.

2. This Declaration is in support of **LIMITED OPPOSITION OF YCCS, LLC TO DEBTOR'S MOTION [DOC-195] FOR ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT PURSUANT TO 11 U.S.C. § 364(c)(2)**.

3. I am the principal owner of YCCS LLC, a Hawaiian Limited Liability Company (hereinafter referred to as "YCCS"), which holds a 2nd Deed of Trust dated 11-14-2017, that was executed by the Debtor in favor of YCCS as beneficiary, that was recorded on 11-21-2017, as Instrument No. 20171343125, on the Debtor's property located at 840 South Dunsmuir, Los Angeles, CA 90036.

4. I have been involved in real estate transactions for approximately 32 years. I have dealt with all aspects of real property transactions, including refinancing property and obtaining loans for junior liens on properties. My primary experience is in real estate development, construction, financing and workouts throughout the western United States on behalf of institutional parties and on my own account.

5. In order to avoid any issue regarding the amount due under the Note, I prepared and provided a detailed breakdown of all charges due under the Note [something that the Debtor had never previously requested from YCCS].

6. I personally reviewed the books and records of the YCCS and prepared the breakdown of all obligations due under the Note, including advances to third parties, delinquent interest, and reasonable attorneys fees. As of 11-27-2019, the outstanding obligation due and owing under the Note (Exhibit 6 to the Debtor's Finance Motion) is $512,847.62. That figure does not include certain additional costs and expenses, including attorney's fees and future interest that accrue under the Note. I forwarded a copy of the Declaration to Mr. Cohen, and he provided a copy of the breakdown to Mr. Tilem on Sunday morning,

1       11-10-2019.[2]

2   7.     Mr. Tilem has not questioned or contacted Mr. Cohen regarding any of the entries on the

3       breakdown, and rightfully so.  Although the Debtor claims that the Note is full of "bells

4       and whistles," I simply and clearly showed the charges the Debtor incurred for delinquent

5       interest, advances to third parties as permitted under the Note, and reasonable costs and

6       attorneys fees.  There was no charge for any so-called extension fee.

7   8.     YCCS filed its proof of claim on 3-15-2019 [Claim 12].[3]  No objection was ever filed to

8       the proof of claim.

9   9.     YCCS objects to the Finance Motion insofar as it seeks authorization to allow the Debtor

10      to withhold allegedly disputed sums and not timely pay YCCS in full. If sums were

11      withheld from YCCS,  there would be no assurance that there would be sufficient funds

12      to pay YCCS when it litigated and prevailed in its claim and incurred additional interest

13      and attorneys fees.  By the express terms of the non-modifiable Note, YCCS is entitled to

14      receive all sums due under the Note on or before December 1, 2019.

15  10.    YCCS has no secret desire to own the Debtor's Residence, YCCS just wants to be timely

16      paid in full for all sums dues under the Note.  If that is assured, and the relief in footnote

17      3 is rejected, YCCS will withdraw its objection to the Debtor's Finance Motion.

18

19       I declare under penalty of perjury under the laws of the United States of America that the

20  foregoing is true and correct and that this Declaration was executed on November 13, 2019.

21

22                            _____

23                         CURTIS DEWEESE

24

25

26

27        [2]A true and correct copy of the $512,847.62 breakdown is attached hereto as Exhibit "1" and is incorporated herein by this reference.

28        [3]A true and correct copy of YCCS' Proof of Claim (without exhibits) is attached hereto as Exhibit "2" and is incorporated herein by this reference.

1

**DECLARATION OF BARUCH C. COHEN**

2

I, BARUCH C. COHEN, declare as follows:

3    1.    The facts stated below are true and correct within the best of my personal knowledge and

4    if called upon to testify to them I could and would competently do so.

5    2.    I am a member in good standing and eligible to practice before the following court(s):

6    California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy

7    Appellate Panel; United States District Courts: Central District of CA; Eastern District of

8    CA; Northern District of CA; & Southern District of CA.

9    3.    I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A

10    Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los

11    Angeles, California 90010.

12    4.    I proudly represent *Secured Creditor YCCS, LLC*.

13    5.    This declaration is in support of **LIMITED OPPOSITION OF YCCS, LLC TO**

14    **DEBTOR'S MOTION [DOC-195] FOR ORDER AUTHORIZING DEBTOR TO**

15    **OBTAIN CREDIT PURSUANT TO 11 U.S.C. § 364(c)(2).**

16    6.    In order to avoid any issue regarding the amount due under the Note, my client provided

17    me with a detailed breakdown of all charges due under the Note [something that the

18    Debtor had never previously requested from YCCS]. Curtis DeWeese, the principal of

19    YCCS, prepared the breakdown of the claim, which breakdown is attached as Exhibit 1 to

20    the DeWeese Declaration.[4]

21    7.    At 8:06AM on Sunday morning November 10, 2019, I forwarded a copy of the detailed

22    breakdown to Mr. Tilem, counsel for the Debtor. Mr. Tilem has not questioned or

23    contacted me regarding any of the entries on the breakdown.

24    8.    YCCS filed its proof of claim on March 15, 2019 [Claim 12].[5] No objection was ever

25

26
_____

27    [4] A true and correct copy of the $512,847.62 breakdown is attached hereto as Exhibit "1"
and is incorporated herein by this reference.

28    [5] A true and correct copy of YCCS' Proof of Claim (without exhibits) is attached hereto
as Exhibit "2" and is incorporated herein by this reference.

1    filed to the proof of claim.

2

3      I declare under penalty of perjury under the laws of the United States of America that the

4 foregoing is true and correct and that this Declaration was executed on November 13, 2011.

5

6                                       _____

7                                  BARUCH C. COHEN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "1"**

11/13/2019          LAW OFFICE OF BARUCH C. COHEN, APLC Mail - YCCS' POSITION RE: DAVID LEE MOTION FOR AUTHORITY TO OBTAIN CRE…



**BARUCH COHEN** <baruchcohen@baruchcohenesq.com>

## YCCS' POSITION RE: DAVID LEE MOTION FOR AUTHORITY TO OBTAIN CREDIT UNDER SECTION 364

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>                    Sun, Nov 10, 2019 at 8:06 AM
Reply-To: bcc@baruchcohenesq.com
To: David Tilem <davidtilem@tilemlaw.com>, BARUCH COHEN <baruchcohen@baruchcohenesq.com>
Bcc: Curtis DeWeese <cdeweese@sunstonecompanies.com>, Alan Broidy <alan@broidyconsulting.com>

Counsel:

- On page 7 of your *Motion for Authority to Obtain Credit Under Section 364*, the Debtor claims that if he does not have enough money from the refinancing, he will use 'other funds.'  Those 'other funds' are not disclosed and are presumably property of the debtor's estate for which he would need consent from the court [*given the alleged equity of $500K, that might very well be granted*]. However, if there are insufficient funds, the financing motion should be withdrawn.  YCCS cannot be in a position where the refinancing goes forward and there are insufficient funds to pay YCCS.  YCCS must be paid in full upon closing of escrow.
- Further, Page 8 of your motion proposes to pay off the proceeds to go into escrow and then you want the right to litigate the amounts owed to YCCS through the BK court.  YCCS would never agree to this.  Why would the Debtor be allowed to take YCCS from a  secured creditor position and convert it into a creditor having a right to claim something from a BK escrow account?
- Your  Page 4 footnotes allude further to attempt to challenge YCCS' POC, and Lee states similarly in his affidavit and is not agreeing to pay any amount. You then state that you have "not received any records describing the costs and reserves the right to object to the same at the appropriate time."
- Very well, here's the requested information as of this date: $512,847.62 due as of 11-27-2019. See attached document entitled: "YCCS Lee Borrower Statement of Acct. 11.8.19 Int. to 11.27.19 2." This amount properly charges interest on the Lender's protective advances as specifically provided for in the Promissory Note. There are no inflated costs and fees.  Rather, it is default interest, costs, and reasonable attorneys' fees.
- Again, YCCS requires direct disbursement from closing escrow via wire of the amounts due on the Disbursement Date of November 27, 2019 per the following wiring instructions:
  - ABA 026009593
  - Bank of America, N.A., 100 West 33rd Street, New York, NY
  - a/c 6550113516
  - Name: Merrill Lynch
  - Ref: For final Credit a/c 276-07012 YCCS LLC
- To summarize, YCCS' support of your Motion is contingent upon paying YCCS:  1) the total amount due and,  2) direct disbursement from refinancing escrow to YCCS (not Pacific Private Money dba YCCS as stated on lender closing worksheet) via wire on day of disbursement.
- **Please confirm that we have a deal per the above**.

BCC


---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: bcc@baruchcohenesq.com
www.BaruchCohenEsq.com
*Notice of Ex Parte Hearings Will Not Be Accepted by Email*
 American Trial Attorneys in Defense of Israel
 



**2013, 2015, 2016, 2017, 2018 & 2019** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

---

**YCCS Lee Borrower Statement of Acct. 11.8.19 Int. to 11.27.19.pdf**
84K

## YCCS - Lee - Business Purpose Loan

Schedule of Advances and Accrued Interest

| Period Start | Period End | Description | Cash Advances/Late NSF Fees (Not Subject to Fee & Int.) | BK Cost Advances (Subject to Fee & Int.) | Loan Repayments | Interest Pmt. Recd | | Note Rate (11.5%) | Number of Days Outstanding | Interest Accrual 360 Day Year | Monthly Totals | Cumulative Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/20/17 | | Funds Advanced Per Note | 365,000.00 | | | | | | | | | 365,000.00 |
| 11/20/17 | 11/30/17 | Prorated Interest at Closing | | | | | | 11.50% | 11 | 1,282.57 | 1,282.57 | 365,000.00 |
| 11/20/17 | | Pmt. at Closing Interest | | | | (1,282.57) | | | | | | 365,000.00 |
| 12/01/17 | 12/31/17 | Int Due 1/1/18 | | | | | | 11.50% | 30 | 3,497.92 | 3,497.92 | 365,000.00 |
| 01/11/18 | | Pmt. on Acct. | | | | (3,497.92) | | | | | | 365,000.00 |
| 01/01/18 | 01/31/18 | Int Due 2/1/18 | | | | | | 11.50% | 30 | 3,497.92 | 3,497.92 | 365,000.00 |
| 01/11/18 | | Pmt. on Acct. | | | | | | | | | | 365,000.00 |
| 02/01/18 | 02/28/18 | Int Due 3/1/18 | | | | | | 11.50% | 30 | 3,497.92 | 3,497.92 | 365,000.00 |
| 03/01/18 | | Pmt. on Acct. | | | | (3,497.92) | | | | | | 365,000.00 |
| 03/01/18 | | Late Charge | 349.80 | | | | | | | | | 365,000.00 |
| 03/01/18 | | Pmt. on Acct. | | | | (349.80) | | | | | | 365,000.00 |
| 03/01/18 | 03/31/18 | Int. Due 4/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 03/30/18 | | Late Charge | 349.80 | | | | | | | | | 365,000.00 |
| 03/30/18 | | Pmt. on Acct. | | | | (3,497.92) | | | | | | 365,000.00 |
| 04/09/18 | | NSF Pmt. | | | | 3,497.92 | | | | | | 365,000.00 |
| 04/09/18 | | NSF Payment Charge | 25.00 | | | | | | | | | 365,000.00 |
| 04/09/18 | | Pmt. on Acct. | | | | (349.80) | | | | | | 365,000.00 |
| 04/01/18 | 04/30/18 | Int. Due 5/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 04/29/18 | | Late Charge | 349.80 | | | | | | | | | 365,000.00 |
| 04/29/18 | | Pmt. on Acct. | | | | (3,497.92) | | | | | | 365,000.00 |
| 04/29/18 | | Pmt. on Acct. | | | | (349.80) | | | | | | 365,000.00 |
| 05/02/18 | | Late charge | 349.80 | | | | | | | | | 365,000.00 |
| 05/02/18 | | Pmt. on Acct. | | | | (3,497.92) | | | | | | 365,000.00 |
| 05/02/18 | | Pmt. on Acct. | | | | (349.80) | | | | | | 365,000.00 |
| 05/01/18 | 05/31/18 | Int. Due 6/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 05/31/18 | | Pmt. on Acct. | | | | (5,018.75) | | | | | | 365,000.00 |
| 06/02/18 | | Late Charge | 501.88 | | | | | | | | | 365,000.00 |
| 06/08/18 | | NSF Pmt. | | | | 5,018.75 | | | | | | 365,000.00 |
| 06/08/18 | | NSF Payment Charge | 25.00 | | | | | | | | | 365,000.00 |
| 06/01/18 | 06/30/18 | Int. Due 7/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 07/05/18 | | Late Charge | 501.88 | | | | | | | | | 365,000.00 |
| 07/05/18 | | Int Pmt. on Acct. | | | | (5,018.75) | | | | | | 365,000.00 |
| 07/05/18 | | Late Fee Pmt. on Acct. | | | | - | | | | | | 365,000.00 |
| 07/05/18 | | Pmt. on Acct. | | | | (8,972.93) | | | | | | 365,000.00 |
| 07/13/18 | | Late Charge | 501.88 | | | | | | | | | 365,000.00 |
| 07/13/18 | | NSF Pmt. | | | | 5,018.75 | | | | | | 365,000.00 |
| 07/13/18 | | NSF Payment Charge | 25.00 | | | | | | | | | 365,000.00 |
| 07/01/18 | 07/31/18 | Int. Due 8/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 08/10/18 | | Late Charge | 501.88 | | | | | | | | | 365,000.00 |
| 08/01/18 | 08/30/18 | Int. Due 9/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 09/10/18 | | Late Charge | 501.88 | | | | | | | | | 365,000.00 |
| 09/01/18 | 09/30/18 | Int Due 10/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 10/10/18 | | Late Charge | 501.88 | | | | | | | | | 365,000.00 |
| 10/01/18 | 10/31/18 | Int. Due 11/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 11/10/18 | | Late Charge | 501.88 | | | | | | | | | 365,000.00 |
| 11/01/18 | 11/30/18 | Int Due 12/1/18 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 12/10/18 | | Late Fee | 501.88 | | | | | | | | | 365,000.00 |
| 12/01/18 | 12/31/18 | Int. Due 1/1/19 | | | | | | 16.50% | 30 | 5,018.75 | 5,018.75 | 365,000.00 |
| 01/10/19 | | Late Fee | 501.88 | | | | | | | | | 365,000.00 |
| 01/01/19 | 01/15/19 | Int. Due 2/1/19 | | | | | | 16.50% | 15 | 2,509.38 | | 365,000.00 |
| 01/15/19 | | Foreclosure Trustee Svcs. - SBS | | 5,446.00 | | | | | | | | 370,446.00 |
| 01/15/19 | 01/31/19 | Int. Due 2/1/19 | | | | | | 16.50% | 15 | 2,546.82 | 5,056.20 | 370,446.00 |
| 02/10/19 | | Late Fee | 501.88 | | | | | | | | | 370,446.00 |
| 02/01/19 | 02/05/19 | Int. Due 3/1/19 | | | | | | 16.50% | 5 | 848.94 | | 370,446.00 |
| 02/06/19 | | BK Legal Fees - Cohen | | 2,500.00 | | | | | | | | 372,946.00 |
| 02/06/19 | 02/28/19 | Int. Due 3/1/19 | | | | | | 16.50% | 25 | 4,273.34 | 5,122.28 | 372,946.00 |
| 03/10/19 | | Late Fee | 501.88 | | | | | | | | | 372,946.00 |
| 03/01/19 | 03/31/19 | Int. Due 4/1/19 | | | | | | 16.50% | 30 | 5,128.01 | 5,128.01 | 372,946.00 |
| 04/10/19 | | Late Fee | 501.88 | | | | | | | | | 372,946.00 |
| 04/01/19 | 04/23/19 | Int. Due 5/1/19 | | | | | | 16.50% | 23 | 3,931.47 | | 373,256.00 |
| 04/24/19 | | Regulator Fees - HCDILA | | 310.00 | | | | | | | | 373,256.00 |
| 04/24/19 | 04/30/19 | Int. Due 5/1/19 | | | | | | 16.50% | 7 | 1,197.53 | 5,129.00 | 373,256.00 |
| 05/10/19 | | Late Fee | 501.88 | | | | | | | | | 373,256.00 |
| 05/01/19 | 05/30/19 | Int. Due 6/1/19 | | | | | | 16.50% | 29 | 4,961.19 | | 378,494.00 |
| 05/31/19 | | BK Legal Fees - Cohen | | 5,238.00 | | | | | | | | 383,732.00 |
| 05/31/19 | 05/31/19 | Int. Due 6/1/19 | | | | | | 16.50% | 1 | 175.88 | 5,137.07 | 383,732.00 |
| 06/10/19 | | Late Fee | 501.88 | | | | | | | | | 378,494.00 |
| 06/01/19 | 06/30/19 | Int. Due 7/1/19 | | | | | | 16.50% | 30 | 5,204.29 | 5,204.29 | 378,494.00 |
| 07/10/19 | | Late Fee | 501.88 | | | | | | | | | 378,494.00 |
| 07/01/19 | 07/01/19 | Int. Due 8/1/19 | | | | | | 16.50% | 1 | 173.48 | | 378,494.00 |
| 07/02/19 | | BK Legal Fees - Cohen | | 1,375.00 | | | | | | | | 379,869.00 |
| 07/02/19 | 07/31/19 | Int. Due 8/1/19 | | | | | | 16.50% | 29 | 5,049.09 | 5,222.57 | 379,869.00 |
| 08/10/19 | | Late Fee | 501.88 | | | | | | | | | 379,869.00 |
| 08/01/19 | | BK Legal Fees - Cohen | | 8,081.00 | | | | | | | | 387,950.00 |
| 08/01/19 | 08/30/19 | Int. Due 9/1/19 | | | | | | 16.50% | 30 | 5,334.31 | 5,334.31 | 387,950.00 |
| 09/10/19 | | Late Fee | 501.88 | | | | | | | | | 387,950.00 |
| 09/01/19 | 09/02/19 | Int. Due 10/1/19 | | | | | | 16.50% | 2 | 355.62 | | 387,950.00 |
| 09/03/19 | | BK Legal Fees - Cohen | | 15,307.37 | | | | | | | | 403,257.37 |
| 09/03/19 | 09/30/19 | Int. Due 10/1/19 | | | | | | 16.50% | 28 | 5,175.14 | 5,530.76 | 403,257.37 |
| 10/10/19 | | Late Fee | 501.88 | | | | | | | | | 403,257.37 |
| 10/01/19 | 10/31/19 | Interest Due 11/1/19 | | | | | | 16.50% | 30 | 5,544.79 | 5,544.79 | 403,257.37 |
| 11/10/19 | | Late Fee | 501.88 | | | | | | | | | 403,257.37 |
| 11/01/19 | 11/26/19 | Interest | | | | | | 16.50% | 26 | 4,805.48 | 4,805.48 | 403,257.37 |
| | | | | | | | | | | | | 403,257.37 |
| | | | | | | | | | | | | 403,257.37 |
| | Totals | | 11,009.92 | 38,257.37 | | (24,247.18) | Total Int. Pmts. | | | Total Int. | 119,178.59 | 403,257.37 |
| | Amount Still Due | | | | | 9,108.84 | Late Fees Due & NSF Fees Due | | | | | 403,257.37 |
| | | | | | | | | | | Interest Due 11/27/19 | 94,931.41 | 403,257.37 |

| | | |
|---|---|---|
| BK Costs & Fees Pending | | |
| BK Attorney/Costs - Cohen - Estimate to closing | | 5,000.00 |
| Payoff Demand Fees | | 200.00 |
| Cost Advance Fees (Per Note $50 x 7) | | 350.00 |
| Total BK Costs | | 5,550.00 |

| | | |
|---|---|---|
| Interest Due | | 94,931.41 |
| Late & NSF fees | | 9,108.84 |
| | Total Payoff as of 11/27/19 | 512,847.62 |

**EXHIBIT "2"**

**Fill in this information to identify the case:**

Debtor 1     In re David Lee

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  CENTRAL          District of CA
                                                                              (State)

Case number  2:19-bk-10119-RK

---

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

YCCS LLC, a Hawaiian Limited Liability Company
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   S.B.S. Trust Deed Network, a California Corporation (servicing agent)

**2. Has this claim been acquired from someone else?**

[x] No

[ ] Yes. From whom?_____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Baruch C. Cohen, Esq. <br> Name | YCCS LLC <br> Name |
| 4929 Wilshire Boulevard, # 940 <br> Number     Street | 47-860 KAMEHAMEHA HWY <br> Number     Street |
| Los Angeles, CA 90010 <br> City     State     ZIP Code | KANEOHE, HI 96744 <br> City     State     ZIP Code |
| Contact phone  323-937-4501 | Contact phone  808-523-9881 |
| Contact email  baruchcohen@baruchcohenesq.com | Contact email  cdweese@sunstonecompanies.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

[x] No

[ ] Yes.  Claim number on court claims registry (if known)_____     Filed on _____
                                                                                                          MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[x] No

[ ] Yes.  Who made the earlier filing?  _____

---

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:\_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

**7. How much is the claim?** $ 431,018.95 . Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

SECURED REAL ESTATE NOTE & MORTGAGE

**9. Is all or part of the claim secured?**
☐ No
☒ Yes. The claim is secured by a lien on property.

Nature of property:
☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☒ Other. Describe: 840 South Dunsmuir Avenue, Los Angeles, California 90036

Basis for perfection: Recordation of Lien
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ 1,500,000.0
Amount of the claim that is secured: $ 431,018.95

Amount of the claim that is unsecured: $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ 416,545.91

Annual Interest Rate (when case was filed) 16.50 %
☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ 0.00

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property:_____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | [X] No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | [ ] Yes. Check one: | **Amount entitled to priority** |
| | [ ] Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ 0.00 |
| | [ ] Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ 0.00 |
| | [ ] Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 0.00 |
| | [ ] Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 0.00 |
| | [ ] Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ 0.00 |
| | [ ] Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ 0.00 |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | Check the appropriate box:

[ ] I am the creditor.
[X] I am the creditor's attorney or authorized agent.
[ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
[ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3-14-2019
                  MM / DD / YYYY

*signature*
Signature

Print the name of the person who is completing and signing this claim: |
|---|---|

| Name | Baruch C. Cohen |
|---|---|
| | First name    Middle name    Last name |
| Title | Attorney for Creditor |
| Company | Law Office of Baruch C. Cohen, APLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 4929 Wilshire Boulevard, Suite 940 |
| | Number    Street |
| | Los Angeles, CA 90010 |
| | City    State    ZIP Code |
| Contact phone | 323-937-4501 | Email  baruchcohen@baruchcohenesq.com |

## DECLARATION OF CURTIS DEWEESE

I, CURTIS DEWEESE, declare as follows:

1. I am an adult over the age of 18. The facts stated below are true and correct within the best of my personal knowledge and if called upon to testify to them I could and would competently do so.

2. This declaration is in support of the **PROOF OF CLAIM** filed in the Chapter 11 bankruptcy of David Lee, # 2:19-BK-10119-RK

3. I am the principal owner of YCCS LLC, a Hawaiian Limited Liability Company (hereinafter referred to as "YCCS"), which holds a 2nd Deed of Trust dated 11-14-2017, that was executed by the Debtor in favor of YCCS as beneficiary, that was recorded on 11-21-2017, as Instrument No. 20171343125, on the Debtor's property located at 840 South Dunsmuir, Los Angeles, CA 90036.

4. David Lee, the Debtor executed a promissory note in the amount of $365,000.00 secured by a mortgage or deed of trust.[1] The promissory note is either made payable to YCCS or has been duly indorsed. YCCS directly or through an agent, has possession of the promissory note. YCCS is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

5. YCCS had a duly-noticed foreclosure sale of the property scheduled for 1-8-2019, and as you know, the Debtor filed his Chapter 11 bankruptcy on 1-7-2019, thus thwarting YCCS' foreclosure.[2]

6. The Debtor's *Schedule D* lists YCCS's 2nd trust deed at $400,000.00 but incorrectly identified YCCS under Pacific Private Money, which was the original Trustee which was

---

[1] A true and correct copy of the ***Note Secured By a Deed of Trust*** & the ***Deed of Trust*** is attached hereto as Exhibit "1" and is incorporated herein by this reference.

[2] A true and correct copy of the ***Notice of Default*** and the Notice of Trustee's Sale is attached hereto as Exhibit "2" and is incorporated herein by this reference.

---

*Declaration of Curtis Deweese in Support of Proof oif Claim*

1    substituted to S.B.S. Trust Deed Network, a California Corporation on 9-4-2018.

2

3    I declare under penalty of perjury under the laws of the State of California that the

4    foregoing is true and correct.

5    Executed March 14, 2019, at Honolulu, Hawaii.

6                                              By ___/S/ *Curtis Deweese*

7                                                  CURTIS DEWEESE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Declaration of Curtis Deweese in Support of Proof oif Claim*
2

## Mortgage Proof of Claim Attachment                                          (12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 2:19-bk-101 | Principal balance: | 365,000.00 | Principal & interest due: | 407,324.63 | Principal & interest: | 5,018.75 Int. Only |
| Debtor 1: | David Lee | Interest due: | 47,754.15 | Prepetition fees due: | 9,221.28 | Monthly escrow: | |
| Debtor 2: | | Fees, costs due: | 18,264.80 | Escrow deficiency for funds advanced: | | Private mortgage insurance: | |
| Last 4 digits to identify: | | Escrow deficiency for funds advanced: | | Projected escrow shortage: | | Total monthly payment: | 5,018.75 |
| Creditor: | | Less total funds on hand: − | | Less funds on hand: − | | | |
| Servicer: | | Total debt: | 431,018.95 | Total prepetition arrearage: | 416,545.91 | | |
| Fixed accrual/daily simple interest/other: | $167.29 Daily Fixed | | | | | | |

### Part 5 : Loan Payment History from First Date of Default

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 4/9/18 | 3,497.92 | (3497.92) | 349.80 | NSF | 3/1/18 | 368,497.92 | | 3497.92 | | 349.80 | | 365,000.00 | 3,497.92 | | 349.80 | |
| 4/9/18 | | (349.80) | | Late Fee Paid | 3/10/18 | 368,497.92 | | | | (349.80) | | 365,000.00 | 3497.92 | | 0.00 | |
| 4/9/18 | | | 25.00 | NSF Fee | | 368,497.92 | | | | 25.00 | | 365,000.00 | 3,497.92 | | 25.00 | |
| 4/1/18 | 5,018.75 | 0.00 | 349.80 | Late Fee | 4/10/18 | 373,516.67 | | 5018.75 | | 349.80 | | 365,000.00 | 8,516.67 | | 374.80 | |
| 4/20/18 | | (3,497.92) | | Feb 2018 Int. | 3/1/18 | 370,018.75 | | (3497.92) | | | | 365,000.00 | 5018.75 | | 374.80 | |
| 4/20/18 | | (349.80) | | Feb 2018 LF | 3/1/18 | 370,018.75 | | | | (349.80) | | 365,000.00 | 5,018.75 | | 25.00 | |
| 5/1/18 | 5,018.75 | | | April 2018 Int. | 5/1/18 | 375,037.50 | | 5018.75 | | | | 365,000.00 | 10,037.50 | | 25.00 | |
| 5/10/18 | | | 349.80 | Late Fee | 5/10/18 | 375,037.50 | | | | 349.80 | | 365,000.00 | 10,037.50 | | 374.80 | |
| 5/2/18 | | (3,497.92) | | March 2018 Int | 4/1/18 | 371,539.58 | | (3497.92) | | | | 365,000.00 | 6,539.58 | | 374.80 | |
| 5/2/18 | | (349.80) | | Mar 2018 LF | 4/10/18 | 371,539.58 | | | | 349.80 | | 365,000.00 | 6539.58 | | 25.00 | |
| 5/31/18 | | (5018.75) | | April 2018 Int. | 5/1/18 | 366,520.83 | | (5018.75) | | | | 365,000.00 | 1520.83 | | 25.00 | |
| 6/1/18 | | | 501.88 | Apr 2018 LF | 5/10/18 | 366,520.83 | | | | 501.88 | | 365,000.00 | 1520.83 | | 526.88 | |
| 6/8/18 | | (501.88) | | May 2018 LF | 6/10/18 | 366,520.83 | | | | (501.88) | | 365,000.00 | 1520.83 | | 25.00 | |
| 6/8/18 | | | 5018.75 | NSF | 5/1/18 | 371,539.58 | | 5018.75 | | | | 365,000.00 | 6,539.58 | | 25.00 | |
| 6/8/18 | | | 25.00 | NSF Fee | 6/8/18 | 371,539.58 | | | | 25.00 | | 365,000.00 | 6,539.58 | | 50.00 | |
| 6/1/18 | 5018.75 | | | May 2018 Int. | 6/1/18 | 376,558.33 | | 5018.75 | | | | 365,000.00 | 11,558.33 | | 50.00 | |

## Mortgage Proof of Claim Attachment: Additional Page          (12/15)

Case number:     **2:19-bk-101**

Debtor 1:     **David Lee**

### Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/10/18 | | | 501.88 | May 2018 LF | 6/10/18 | 376,558.33 | | | | 501.88 | | 365,000.00 | 11,558.33 | | 551.88 | |
| 7/1/18 | 5,018.75 | | | June 2018 Int. | 7/1/18 | 381,577.08 | | 5018.75 | | | | 365,000.00 | 16,577.08 | | 551.88 | |
| 7/5/18 | | (5,018.75) | | May 2018 IP | 6/1/18 | 376,558.33 | | (5081.75) | | | | 365,000.00 | 11,558.33 | | 551.88 | |
| 7/5/18 | | (8,972.93) | | June/July Int. | 7/1/18 | 367,585.20 | | (8,972.93) | | | | 365,000.00 | 2,585.40 | | 551.88 | |
| 7/10/18 | | | 501.88 | June 2018 LF | 7/10/18 | 367,585.40 | | | | 501.88 | | 365,000.00 | 2,585.40 | | 1,053.76 | |
| 7/13/18 | | 5018.75 | | NSF Return Pmt | | 372,604.15 | | 5018.75 | | | | 365,000.00 | 7,604.15 | | 1,053.76 | |
| 7/13/18 | | | 25.00 | NSF Fee | | 372,604.15 | | | | 25.00 | | 365,000.00 | 7,604.15 | | 1,078.76 | |
| 8/1/18 | 5,018.75 | | | July 2018 Int. | 8/1/18 | 377,622.90 | | 5018.75 | | | | 365,000.00 | 12,622.90 | | 1,078.76 | |
| 8/10/18 | | | 501.88 | July Late Fee | 8/10/18 | 377,622.90 | | | | 501.88 | | 365,000.00 | 12,622.90 | | 1,580.64 | |
| 9/1/18 | 5,018.75 | | | Aug 2018 Int | 9/10/18 | 382,641.65 | | 5018.75 | | | | 365,000.00 | 17,641.65 | | 1,580.64 | |
| 9/10/18 | | | 501.88 | Aug 2018 LF | 9/10/18 | 382,641.65 | | | | 501.88 | | 365,000.00 | 17,641.65 | | 2082.52 | |
| 10/1/18 | 5,018.75 | | | Sept 2018 Int | 10/1/18 | 387,660.40 | | 5018.75 | | | | 365,000.00 | 22,660.40 | | 2,082.52 | |
| 10/10/18 | | | 501.88 | Sept 2018 LF | 10/10/18 | 387,660.40 | | | | 501.88 | | 365,000.00 | 22,660.40 | | 2,584.40 | |
| 11/1/18 | 5018.75 | | | Oct 2018 Int. | 11/1/18 | 392,679.15 | | 5018.75 | | | | 365,000.00 | 27,679.15 | | 2584.40 | |
| 11/10/18 | | | 501.88 | Oct 2018 LF | 11/10/18 | 392,679.15 | | | | 501.88 | | 365,000.00 | 27,679.15 | | 3086.28 | |
| 12/1/18 | 5018.75 | | | Nov 2018 Int | 12/1/18 | 397,697.90 | | 5018.75 | | | | 365,000.00 | 32,697.90 | | 3086.28 | |
| 12/10/18 | | | 501.88 | Nov 2018 LF | 12/10/18 | 397,697.90 | | | | 501.88 | | 365,000.00 | 32,697.90 | | 3588.16 | |
| 1/1/19 | 5018.75 | | | Dec 2018 Int | 1/1/19 | 402,716.65 | | 5018.75 | | | | 365,000.00 | 37,716.65 | | 3588.16 | |
| 1/10/19 | | | 501.88 | Dec 2018 LF | 1/10/19 | 402,716.65 | | | | 501.88 | | 365,000.00 | 37,716.65 | | 4090.04 | |
| 2/1/19 | 5018.75 | | | Jan 2019 Int | 2/1/19 | 407,735.40 | | 5018.75 | | | | 365,000.00 | 42,735.40 | | 4090.04 | |
| 2/10/19 | | | 501.88 | Jan 2019 LF | 2/10/19 | 407,735.40 | | | | 501.88 | | 365,000.00 | 42,735.40 | | 4591.92 | |
| 3/1/19 | 5018.75 | | | Feb 2019 Int | 2/1/19 | 412,754.15 | | 5018.75 | | | | 365,000.00 | 47,754.15 | | 4591.92 | |
| 3/10/19 | | | 501.88 | Feb 2019 LF | 2/10/19 | 412,754.15 | | | | 501.88 | | 365,000.00 | 47,754.15 | | 5093.80 | |
| 1/15/19 | | | 5,446.00 | Foreclosure Fees | | 412,754.15 | | | | 5,446.00 | | 365,000.00 | 47,754.15 | | 10,539.80 | |
| 3/13/19 | | | 7,725.00 | BK Attny Fees | | 412,754.15 | | | | 7,725.00 | | 365,000.00 | 47,754.15 | | 18,284.80 | |

Official Form 410A          **Mortgage Proof of Claim Attachment**          page 2  of 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.**

A true and correct copy of the foregoing document entitled: **LIMITED OPPOSITION OF YCCS, LLC TO DEBTOR'S MOTION [DOC-195] FOR ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT PURSUANT TO 11 U.S.C. § 364(c)(2); DECLARATIONS OF CURTIS DEWEESE AND BARUCH C. COHEN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/13/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David A Tilem for Debtor, David Lee
    *davidtilem@tilemlaw.com, davidtilem@ecf.inforuptcy.com; joanfidelson@tilemlaw.com; joanfidelson@ecf.inforuptcy.com; dianachau@tilemlaw.com; malissamurguia@tilemlaw.com; malissamurguia@ecf.inforuptcy.com*
Sean C Ferry for Selene Finance LP
    *sferry@rasflaw.com, sferry@ecf.courtdrive.com*
Todd S Garan for JPMorgan Chase N.A.
    *ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com*
Nichole Glowin for Green Lawn Mortgage
    *nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net*
Blake J Lindemann for MMRC, LLC
    *Blake@lawbl.com, Nataly@lawbl.com*
Erica T Loftis Pacheco for Rehabbers Financial Inc, dba Aztec Financial
    *erica.loftispacheco@bonialpc.com*
Valerie Smith for PRA Receivables Management LLC
    *claims@recoverycorp.com*
Edward A Treder (IP)    *cdcaecf@bdfgroup.com*
US Trustee (LA)    *ustpregion16.la.ecf@usdoj.gov*
Hatty K Yip (TR)    *hatty.yip@usdoj.gov*

**2. SERVED BY UNITED STATES MAIL**: On 11/13/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

 

                                        ☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 11/13/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Robert N. Kwan, USBC, Central District of California, 255 E. Temple Street, Suite 1682, Los Angeles CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/13/2019 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

David Lee
840 Dunsmuir Ave
Los Angeles CA 90036

Amer Assist AR Solutions, Inc.
P.O. Box 26095
Columbus, OH 43226-0095

Comenity-Total Rewards Visa
P.O. Box 659450
San Antonio, TX 78265-9450

Discover Card/ Discover it Miles Card
PO Box 51908
Los Angeles, CA 90051-6208

First National Bank
PO Box 2557
Omaha, NE 68103-2557

Franchise Tax Board
PO Box 942840
Sacramento, CA 94240-0001

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

LA DWP
111 N Hope St
Los Angeles., CA 90012-2607

ORBITZ
PO Box 659450
San Antonio, TX 78265-9450

Mercury Payments Services LLC
Card Services
PO Box 70168
Philadelphia, PA 19176-0168

Renee E Sanders
Law Offices of Renee Estelle Sanders
3450 Wilshire Blvd Ste 1214
Los Angeles, CA 90010-2208

Discover Bank
David W. Nelms, CEO
502 E Market Street
Greenwood DE 19950

Chase
POB 901076
Ft. Worth, TX  76101

Target RedCard
PO Box 5332
Sioux Falls SD 57117-5332

US BANK
PO Box 108
Saint Louis, MO 63166-0108

US Bank Home Mortgage
4601 Frederica Street
Owensboro, KY 42301-7439

Virgin America
PO Box 659450
San Antonio, TX 78265-9450

BSI Financial Services
314 S. Franklin Street, 2nd Floor
Titusville, PA 16354-2168

LA Co. Treasurer and Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

LOANCARE A Servicelink Co.
PO Box 8068
Virginia Beach, VA 23450-8068

Pentagon Federal Credit Union
9494 Miramar Rd
San Diego, CA 92126-4417

Synchrony Bank
Margaret Keane, CEO
170 W Election Rd Ste. 125
Draper, UT 84020-6425

Pacific Private Money Inc
Mark Hanf, CEO
1555 Grant Ave
Novato, CA 94945-3120

USBank N.A.
Richard K. Davis, CEO
425 Walnut Street
Cincinnati OH45202