David A. Tilem (SBN 103825)
LAW OFFICES OF DAVID A. TILEM
206 North Jackson Street, Suite 201
Glendale, California 91206
Tel: 888-257-7648 * 818-507-6000
    Fax: 818-507-6800
DavidTilem@TilemLaw.com

Attorneys for Debtor and Debtor-
    In-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVSION

| In re: | Case No. **2:19-bk-10119-RK** |
|---|---|
| | Chapter 11 |
| **DAVID LEE,** | **NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT BETWEEN DEBTOR AND CREDITOR MMRC, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID LEE IN SUPPORT** |
| Debtor. | [NO HEARING REQUIRED] |

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER INTERESTED PARTIES:**

DAVID LEE ("Debtor") hereby moves for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP")and Local Bankruptcy Rule ("LBR") 9013-1(o) approving a proposed settlement (the "Agreement") entered into by and between Debtor and creditor MMRC, LLC ("MMRC").

The motion is based upon the legal and factual grounds set forth and described below.

/ / /

1        **X**     The full motion is attached hereto; or

2        ☐     The full motion has been filed with the court, and a
             detailed description of the relief sought is
3              attached thereto.

4

**DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A**

5 **HEARING**: Pursuant to LBR 9013-1(o), any party objecting to the

6 motion may request a hearing on the motion. The deadline for filing

7 and serving a written opposition and request for a hearing is 14

8 days after the date of service of this notice, plus an additional 3

9 days unless the notice of motion was served by personal delivery or

10 posting as described in F.R.Civ.P. 5(b)(2)(A)-(B). If you fail to

11 comply with is deadline, the court may treat such failure as waiver

12 of your right to opposed the motion and may grant the motion

13 without further hearing and notice.

14 Dated: December 17, 2019       LAW OFFICES OF DAVID A. TILEM

15

16                      By:

17                           David A. Tilem,
                           Attorneys For Debtor

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157.  This is a core proceeding under 28 U.S.C. §157(b)(2)(A),(B),(C),(G),(K),(M) and (O).

### LEGAL BASIS FOR MOTION

This motion provides for relief under Bankruptcy Code Sections 361 (adequate protection), 362 (modification of automatic stay), 363 (use of cash collateral) and 502 (allowance of claim).  Applicable provisions of the Federal Rules of Bankruptcy Procedure include Rules 2002, 3003, 4001, 6004(a) and 9019.

### II.

### INTRODUCTION

A.    BACKGROUND FACTS

1.    This motion seeks Court approval of a settlement agreement between David Lee ("Debtor") and MMRC, LLC.  Together, Debtor and MMRC are referred to as "the Parties").

2.    Debtor is the currently the owner of real property located at 3436 Linda Vista Terrace, Los Angeles, CA 90032 (the "Property") having acquired title to the same pursuant to an Order of the Court entered June 4, 2019 (Dkt. #82).

3.    MMRC's predecessor in interest lent the sum of $463,500 to Debtor's predecessor in interest in December, 2017 (the "MMRC Claim").  The loan proceeds were used to acquire the Property.  Debtor signed a personal guaranty and the loan was secured by the Property.

4.    Shortly after the loan was made, MMRC's predecessor in

1  interest assigned the loan to MMRC.

2      5.   This case was filed on January 7, 2019 (the "Petition

3  Date").  Payments due on the loan were "current" as of that date.

4  As indicated above, the Property became property of the estate in

5  June, 2019.

6      6.   MMRC filed a relief from stay motion (the "MMRC Motion)

7  seeking leave to foreclose on the Property on July 16, 2019 (Dkt.

8  #127).

9  B.   THE AGREEMENT

10     Following negotiations, the Parties have reached a

11  comprehensive settlement which resolves not only the MMRC Motion

12  but also actual and potential disputes between the parties.  A copy

13  of the Agreement is attached to Debtor's Declaration as Exhibit

14  "A", what follows is a merely a summary of the key points.

15     7.   For purposes of the settlement, the claim amount will be

16  "fixed" at $512,000 and interest will be set a fixed rate of ten

17  (10%) percent.  The obligation shall be all due and payable 18

18  months and 15 days after the entry of an Order approving the

19  Agreement.

20     8.   Debtor will make monthly adequate protection payments of

21  $4,266.67 during the 18 month period before the due date

22     9.   Default provisions include a commonly used notice and

23  cure procedure.

24     10.  If the Property generates any cash collateral, Debtor

25  shall be authorized to use the same so long as there is no default.

26     11.  Provided that the Debtor is not in default, MMRC will

27  support confirmation of any Plan which reflects the terms of the

28  Agreement.

1    12.  The Agreement would survive dismissal or conversion of

2  the case.

3                                  **III.**

4                               **ARGUMENT**

5  A. <u>The Agreement Should Be Approved</u>

6       The focus of inquiry in reviewing and approving a compromise

7  is whether the settlement is reasonable under the particular

8  circumstances of the case.  See, <u>In re General Store of Beverly</u>

9  <u>Hills</u>, 11 B.R. 539 (9th Cir. BAP 1981).  Among the factors to be

10 considered in determining whether a Settlement is fair, equitable

11 and reasonable are the following:

12          (a)  the probability of success in the litigation;

13          (b)  any impediments to collection;

14          (c)  the complexity, expense, inconvenience and delay of

15       litigation; and,

16          (d)  the interest of creditors with deference to their

17 reasonable opinions.

18 <u>See</u>, <u>In re A&C Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986).

19 From an analysis of the foregoing factors, the Court should

20 conclude that the terms of the Settlement are fair, equitable and

21 reasonable.

22     By this settlement, Debtor and MMRC have effectively and

23 efficiently resolved, to their mutual benefit and satisfaction, all

24 issues concerning the MMRC Claim.  This is done without the need

25 for contested hearings to resolve issues concerning: (1) the

26 allowance of the claim; (2) claim terms (such as the interest

27 rate); (3) property valuation; (4) relief from stay; (5) adequate

28 protection; and (6) plan treatment.  The estate receives an

1  additional benefit in the form of a consenting impaired class for

2  its anticipated reorganization plan.

3       **1. The Probability of Success is Uncertain**.

4       But for the Agreement, the Parties would be required to

5  investigate and potentially litigate at least the following issues:

6            (1) whether MMRC would be entitled to adequate protection

7       or relief from stay;

8            (2)  the amount of any adequate protection to which MMRC

9       might be entitled;

10           (3)  whether the proposed treatment of MMRC under a

11      Debtor sponsored Plan satisfies the standards for cram-down

12      imposed under §1129(b)

13      **2. Impediments to Collection**.

14      This factor is not relevant.

15      **3. Litigation Would be Expensive and Inconvenient**.

16      As noted above, the parties would need to litigate several

17  issues.  This litigation would require expert testimony and an

18  evidentiary hearing.  Undertaking litigation would delay plan

19  confirmation and increase legal expense to the estate.  Depending

20  on the outcome, the result could generate a second round of

21  contested proceedings at the plan confirmation stage.

22      The Agreement eliminates the delay, expense and uncertainty

23  surrounding this claim and these creditors.

24      **4. It is in the Best Interests of Creditors to Settle this

25  Case**.

26      If approved, the Agreement significantly improves the

27  prospects for successful reorganization for the following reasons:

28          *    it provides Debtor with a consenting impaired class

1        *     it fixes the amount to be paid to MMRC

2        *     it fixes the terms of payment and reduces the

3              administrative costs of this case

4      For these reasons, the Agreement is in the best interests of

5 all interested parties and should be approved.

6                                  IV.

7                              **CONCLUSION**

8      After considering all relevant factors, the Debtor believes

9 that the Agreement is fair, reasonable and in the best interests of

10 the estate and all other interested parties.  The Debtor

11 respectfully requests that this motion be granted and the Agreement

12 approved.

13     **WHEREFORE,** Debtor seeks Orders:

14     1.   Granting this motion;

15     2.   Approving the terms of the Agreement;

16

17     3.   Authorizing Debtor to perform under the terms of the

              Agreement

18

19     4.   Providing for such additional relief as the Court deems

20 appropriate under the circumstances.

21 Dated: December _17_, 2019            LAW OFFICES OF DAVID A. TILEM

22

23                                      By: _____

24                                          David A. Tilem, Attorneys
                                            Debtor

25

26

27

28

03062\L-03\20191217-9019Mtn.wpd                  7

**DECLARATION OF DAVID LEE**

I, David Lee, declare as follows:

    1.   This statement is based on my personal knowledge. If asked to do so, I could and would testify to the following statements.

    2.   I am the Debtor and debtor-in-possession in this case.

    3.   This Chapter 11 case was filed on January 7, 2019.  Prior to that date, I was the sole shareholder of DJPE Corp., a California corporation ("DJPE").

    4.   On or about December 15, 2017, DJPE borrowered the sum of of $463,500 from Orchard Funding to acquire real property located at 3436 Linda Vista Terrace, Los Angeles, CA 90032 (the "Property").  I personally guaranteed the loan and the loan was also secured by a lien on the Property.

    5.   Shortly after the loan was made, Orchard Funding assigned the loan to MMRC, LLC ("MMRC").

    6.   Payments on the loan were current as of the filing date of this case.

    7.   Pursuant to an Order of the Bankruptcy Court entered June 4, 2019 (Dkt. #82) I personally acquired title to the Property.

    8.   MMRC filed a relief from stay motion asking permission to foreclose on the Property on July 16, 2019 (Dkt. #127).

    9.   The Property is not currently income producing, but since I intend to renovate it, it would likely do so at the conclusion of that process.

    10.  Since MMRC filed its relief from stay motion, we have been discussing a proposed settlement.  Our discussions resulted in a settlement agreement ("Agreement"), a copy of which is attached

1  as Exhibit "A".

2      11.   I believe that the Agreement is reasonable and

3  appropriate because it comprehensively resolves existing and

4  potential disputes between the parties, helps advance the

5  reorganization process and does so without any unnecessary expense

6  or delay.   This issues are described by my attorney in the motion

7  to which this Declaration is attached.

8      I declare, under penalty of perjury under the laws of the

9  United States, that these statements are true and correct. This

10  statement was signed on December 18 , 2019 at Los Angeles,

11  California.

13                                    _____
                                      David Lee

# Exhibit "A"

Exhibit "A"

David A. Tilem (SBN 103825)
LAW OFFICES OF DAVID A. TILEM
206 North Jackson Street, Suite 201
Glendale, California 91206
Tel: 888-257-7648 * 818-507-6000
    Fax:(818) 507-6800
DavidTilem@TilemLaw.com

Attorneys for Debtor and Debtor-
    In-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | ) **Case No. 2:19-bk-10119-RK** |
| | ) |
| | ) Chapter 11 |
| | ) |
| | ) **STIPULATION RESOLVING RELIEF** |
| | ) **FROM STAY MOTION (DKT. #127),** |
| | ) **FOR ADEQUATE PROTECTION, USE OF** |
| | ) **CASH COLLATERAL AND PLAN** |
| **DAVID LEE,** | ) **TREATMENT FOR CLAIM SECURED BY** |
| | ) **REAL PROPERTY LOCATED AT 3436** |
| | ) **LINDA VISTA TERRACE, LOS** |
| | ) **ANGELES, CA 90032** |
| | ) |
| | ) Hearing |
| | ) Date: |
| Debtor. | Time: 11:00 a.m. |
| _____ | CtRm:  1675 |

MMRC, LLC ("Secured Creditor") and Debtor, DAVID LEE

("Debtor"), by and through their attorneys of record, now enter

into the following stipulation and agreement (the "Agreement")

which: (1) resolves Secured Creditor's pending relief from stay

motion (Dkt. #127); (2) provides for adequate protection of Secured

Creditor's claim, (3) authorizes the use of cash collateral (if

any); and (4) provides for the treatment of Secured Creditor's

claim in any Plan of Reorganization to be proposed, or supported by

Debtor.

This Agreement concerns the real property located at 3436 Linda Vista Terrace, Los Angeles, CA 90032 (the "Property").

**<u>RECITALS</u>**

A.    On or about December 15, 2017, Debtor and Debtor's predecessor in interest in the Property signed a Promissory Note and a Deed of Trust encumbering the Property in favor of Orchard Funding.  These instruments reflect a loan in the original principal balance of $463,500.  True and correct copies of the Promissory Note and Deed of Trust are attached to Proof of Claim #24 filed by Secured Creditor on September 27, 2019 in the above-entitled Chapter 11 case.  The Promissory Note, the Deed of Trust and all amendments, modifications, exhibits thereto and all related documents are hereafter referred to as the "Loan Documents".

B.    Orchard Funding subsequently executed an undated Allonge to the Promissory Note, and, on December 15, 2017, assigned its beneficial interest under the Deed of Trust to Secured Creditor pursuant to an Assignment recorded on December 29, 2017 as instrument number 20171519313.  Both the Allonge and the Assignment (which are part of the Loan Documents) are attached as Exhibits to the Secured Creditor's relief from stay motion filed on July 16, 2019 (Dkt. #127).

C.    Except for any property taxes which may be due, the Property is not otherwise encumbered.

D.    Debtor is currently in default under the terms of the Promissory Note.  Secured Creditor contends that the full amount due (the "Claim") is in excess of $520,000.

E.    Secured Creditor and Debtor have conferred and reached this Agreement which: (1) resolves Secured Creditor's relief from

stay motion; (2) provides for the payment of adequate protection to

Secured Creditor; (3) authorizes the use of any cash collateral

which may secure the Secured Creditor's claim; and (4) proposes

payment of Secured Creditor's Claim in a manner acceptable to

Secured Creditor if included in any Plan of Reorganization proposed

or supported by Debtor.

F.    This stipulation was drafted with the participation and

cooperation of both parties, hence no provision shall be construed

either for, or against any of the parties.

**AGREEMENT**

Based on the foregoing recitals, the parties hereby stipulate

and agree as follows:

1.    The recitals are adopted and incorporated as the

representations of the parties, each of whom warrants their

truthfulness to the best of his/her/its knowledge.

2.    Secured Creditor represents and warrants that it is

currently the sole Holder of the Promissory Note and the current

beneficiary under the Deed of Trust, that it has not transferred,

assigned, alienated or hypothecated any interest therein to any

third person, and that it will not do so between the date of

execution of this Agreement and the date on which this Agreement is

approved by the Court.

3.    Upon entry of an Order approving this Agreement and in

the absence of any non-curable or uncured default under this

Agreement by Debtor, the Secured Creditor's claim shall be modified

as follows:

a.    the principal balance due on the Claim will be

$512,000;

b.    the interest rate will be set at ten (10%) percent per annum, fixed;

c.    any amount otherwise due and owing under the Loan Documents including, but not limited to any fees, penalties, fines, charges or costs of any type or nature imposed by the Loan Documents, such as roll-over fees, renewal fees, attorney fees, default interest, late fees, or pre-payment penalties will be waived if the Claim is fully satisfied as agreed under the terms of this Agreement;

d.    the date for payment of all amounts due under the Loan Documents shall be eighteen (18) months plus fifteen (15) days after entry of the Order approving this Agreement;

e.    Secured Creditor shall attach a copy of this Agreement and the Court's Order approving the same to the Promissory Note in the same manner as an Endorsement;

f.    any provisions in the Loan Documents which purport to treat the filing of this Chapter 11 proceeding as a default are stricken; and

g.    except as otherwise provided, all remaining terms of the Loan Documents shall remain in full force and effect.

**ADEQUATE PROTECTION AND AUTOMATIC STAY TERMS**

4.    Commencing on or before the first business day which is at least fifteen (15) days after the entry of an Order approving this Agreement, Debtor will make the first of seventeen (17) interest only payments of $4,266.67.  Subsequent payments will be due on or before the same date each calendar month for the following sixteen (16) consecutive months thereafter.

5.    Payments shall be sent to the following address (until

and unless Secured Creditor provides a written notice of a different address.  The new address shall be effective ten (10) days after service of the notice.

> MMRC, LLC
> 7400 E. Crestline Circle, #250
> Greenwood Village, CO 80111

6.   In the event that any of the payments is not received when due, Secured Creditor shall send written notice (which may be by email) of the same to Debtor and Debtor's counsel of record (if any) at the following addresses:

Debtor                      David Lee
                            840 Dunsmuir Ave.
                            Los Angeles, CA 90036
                            Dlcpas@gmail.com

Current counsel             Law Offices of David A. Tilem
                            206 N. Jackson St., #201
                            Glendale, CA 91206
                            DavidTilem@TilemLaw.com

Debtor shall have ten (10) days (the "Cure Period") to provide the missing payment.  If Debtor fails to provide the missing payment within the Cure Period, and if the automatic stay pursuant to 11 U.S.C. §362(a) is then in effect, Secured Creditor may file a Declaration with the Court setting forth the terms of the default, the notice provided and Debtor's failure to make the payment within the Cure Period along with a proposed Order granting relief from stay.  Secured Creditor may alternatively seek other relief under the Bankruptcy Code.

7.   The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's rights to proceed hereunder.

8.   The payments shall continue notwithstanding the entry of any Order confirming a Plan of Reorganization unless modified by

1  that Plan.

2      9.   Provided that Debtor has paid all of the payments which

3  have come due as of the effective date of any confirmed Plan, the

4  obligation due under the Loan Documents shall be deemed current as

5  of that date and all prior defaults of any type or nature shall be

6  deemed cured.

7      10.  Any notice that Secured Creditor shall give to Debtor or

8  attorney for Debtor pursuant to this Agreement shall not be

9  construed as a communication under the Fair Debt Collection

10  Practices Act, 15 U.S.C. §1692.

11  **CASH COLLATERAL TERMS**

12      11.  Upon entry of an Order approving this Agreement and

13  provided that all payments coming due under this Agreement have

14  been paid as of the relevant time, Debtor shall have the consent of

15  Secured Creditor to use any revenue arising from or related to the

16  Property which may be subject to a lien in favor of Secured

17  Creditor as if those funds were not cash collateral.

18      12.  If there is a default under the terms of this Agreement

19  which has not been cured, Secured Creditor may terminate its

20  consent to permit the use of cash collateral by giving written

21  notice to Debtor and its counsel.  Upon receipt of such notice,

22  Debtor shall immediately stop using any cash collateral and shall

23  comply with the provisions of 11 U.S.C. §363(c) unless such use has

24  been or is authorized by the Court.

25  **PLAN TREATMENT TERMS**

26      13.  Debtor will not propose or support the confirmation of

27  any Plan of Reorganization unless it provides for treatment of the

28  Secured Creditor's Claim as set forth in this Agreement.  Debtor

may incorporate this Agreement into the Plan by reference.

14.   Secured Creditor will affirmatively support the confirmation of any Plan of Reorganization which contains payment terms which are consistent with those set forth above.

**RELEASES**

15.   Except to the extent that Secured Creditor asserts a claim which is inconsistent with the terms of this Agreement, Debtor agrees not to object to Secured Creditor's Proof of Claim on any basis whatsoever, and stipulates that the allowed secured claim is $512,000.

16.   Except to the extent provided in this Agreement, Secured Creditor waives any and all claims, causes of action, whether known or unknown, it currently has against Debtor, the Estate or the Reorganized Debtor.

**MISCELLANEOUS**

17.   Any notice that Creditor shall give to Debtor, or attorney for Debtor, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1      18.   If this case is dismissed or converted to any other

2  Chapter under the Bankruptcy Code before the claim of Secured

3  Creditor has been paid in full as set forth herein or there is a

4  material default under the Agreement, Secured Creditor shall be

5  restored to its rights under the Loan Documents and applicable non-

6  bankruptcy law. 17

7  Dated: December  17 , 2019      LAW OFFICES OF DAVID A. TILEM

8

9                                 By:

10                                   David A. Tilem, Attorneys
                                     for Debtor

11  Dated: December  16 , 2019      LAW OFFICE OF BLAKE LINDEMANN

12

13                                 By:

14                                   Blake Lindemann, Attorney
                                     for Secured Creditor

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**206 North Jackson Street, Suite 201, Glendale, CA 91206**

A true and correct copy of the foregoing document entitled (*specify*)   **NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT BETWEEN DEBTOR AND CREDITOR MMRC, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID LEE IN SUPPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/17/19**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **12/17/19,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robert Kwan                          David Lee
United States Bankruptcy Court                  840 Dunsmuir Ave.
255 E. Temple Street, Suite 1682               Los Angeles, CA 90036
Los Angeles, CA 90012

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **12/17/2019** | **Joan J. Fidelson** | /s/ Joan J. Fidelson |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ECF Service List:**

- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Sean C Ferry**    sferry@rasflaw.com, sferry@ecf.courtdrive.com
- **Todd S Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Nichole Glowin**    nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net
- **Blake J Lindemann**    Blake@lawbl.com, Nataly@lawbl.com
- **Erica T Loftis Pacheco**    erica.loftispacheco@bonialpc.com
- **Valerie Smith**    claims@recoverycorp.com
- **David A Tilem**    davidtilem@tilemlaw.com,
  DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;DianaChau@tilemlaw.com
- **Edward A Treder**    cdcaecf@bdfgroup.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**    hatty.yip@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

**Service List**

Green Lawn Mortgage Loan Trust 1, BYUS Bank
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660-1881

Amer Assist ar Solutions, Inc.
P.O. Box 26095
Columbus, OH 43226-0095

Aldrige Pite, LLP
5375 Jutland Drive, Suite 200
San Diego, CA 92101

BSI Financial Services
314 S. Franklin Street, 2nd Floor
Titusville, PA 16354-2168

Comenity-Total Rewards Visa
P.O. Box 659450
San Antonio, TX 78265-9450

Comenity-TotalRewards Visa
P.O. Box 659450
San Antonio, TX 78265-9450

Comenity-TotalRewards Visa
P.O. Box 659450
San Antonio, TX 78265-9450

Chase
P.O. Box 901076
Ft. Worth, TX 76101-2076

Discover Bank
Discover Products, Inc.
P.O. Box 3025
New Albany, OH 43054-3025

Pentagon Federal Credit Union
2930 Eishenhower Avenue
Alexandria, VA 22314

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Aztec Financial
2624 West Magnolia Blvd.,
Burbank, CA 91505

CFG Merchant Solutions
180 Maiden Lane, FL 15
New York, NY 10038

Merchants Mortgage & Trust Corp.
7400 E. Crestline Cir #250
Englewood, CO 80111

Rose Hopkins
10023 ½ Grape Street
Los Angeles, Ca 90002

Sandra Miller
10023 Grape Street
Los Angeles, CA 90002

Strategic Funding Source
120 W 45th Street
New York, NY 10036

Target
P.O. Box 108
Saint Louis, MO 63166

CFG Merchant Solutions
180 Maiden Lane, FL 15
New York, NY 10038-5150

Discover Card
P.O. Box 51908
Los Angeles, CA 90051

Discover it Miles Card
P.O. Box 51908
Los Angeles, CA 90051-6208

Franchise Tax Board
Bankruptcy Section MS A340
P.O. Box 2952
Sacramento, CA 95812-2952

First National Bank
P.O. Box 2557
Omaha, FL 68103-2557

Franchise Tax Board
P.O. Box 942840
Sacramento, CA 94240-0001

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

JP Morgan Chase Bank, N.A.
National Bankruptcy Department
P.O. Box 29505 AZ1-1191
Phoenix, AZ 85038-9505

LA DWP
111 N. Hope Street
Los Angeles, CA 90012-2607

LA County Treasurer and Tax Collector
P.O. Box 54110
Los Angeles, CA 90054-0110

Loancare a Service Link Company
P.O. Box 8068
Virginia Beach, VA 23450-8068

Los Angeles County Treasurer and Tax Collector
Attn: Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90054-0110

LVNV Funding, LLC
Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

Mercury Payments Services, LLC
Card Services
P.O. Box 70168
Philadelphia, PA 19176-0168

Orbitz
P.O. Box 659450
San Antonio, TX 78265-9450

Pacific Private Money, Inc.
1555 Grant Avenue
Novato, CA 94945-3120

Pentagon Federal Credit Union
2930 Eishenhower Avenue
Alexandria, VA 22314-4557

Pentagon Federal Credit Union
9494 Miramar Road
San Diego, CA 92126-4417

Pentagon Federal Credit Union
Attn: Bankruptcy Department
P.O. Box 1432
Alexandria, VA 22313-1432

Pinnacle Credit Services, LLC
Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

Quantum 3 Group, LLC as agent for Comenity
Bank
P.O. Box 788
Kirkland, WA 98083-0788

Synchrony Bank
Amazon Store Card
170 W. Election Road, Suite 125
Draper, UT 84020-6425

Synchrony Bank
PRA Receivables Management LLC
P.O. Box 41021
Norfolk, VA 23541-1021

Synchrony Bank
c/o PRA Receivables Management LLC
P.O. Box 41021
Norfolk, VA 23541-1021

Target REDcard
P.O. box 5332
Sioux Falls, SD 57117-5332

US Bank
P.O. Box 5229
Cincinnati, OH 45201-5229

US Bank Home Mortgage
4601 Frederica Street
Owensboro, KY 42301-7439

Virgin America
P.O. Box 659450
San Antonio, TX 78265-7439

YCCS, LLC
a Hawaiian Limited Liability Co.
c/o Baurch C. Cohen Esq.
4929 Wilshire Blvd., #940
Los Angeles, CA 90010-3889

Selene Finance, LP
9990 Richmond Ave.
Houston, TX 77042

AT&T Corp
c/o AT&T Services, Inc Karen A.
Cavagnaro-Lead Paralegal
One AT&T Way, Room 3A 104
Bedminster, NJ 07921

Loancare, LLC
3637 Sentara Way
Virginia Beach, VA 23452

LOANCARE A Service link Company
PO Box 8068
Virginia Beach, VA 23450-8068

U.S. Bank National Association
Bankruptcy Department
PO Box 108
St. Louis, MO 63166-0108

U.S. Bank Home Mortgage, a division of U.S.
Bank National
Association
4801 Frederica Street
Owensboro, Kentucky 42301

BSI Financial Services, Inc.
1425 Greenway Drive #400
Irving, TX 75038

Department of Water and Power
City of Los Angeles
Attn: Bankruptcy
PO Box 51111
Los Angeles, CA 90051-5700

MMRC, LLC
Blake J. Lindemann, Esq.
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210

Rehabbers Financial Inc.
dba Aztec Financial
14841 Dallas Parkway, Suite 425
Dallas, TX 75254-8067

Dalida Sanfrancisco
14862 Sabre Lane
Huntington Beach, CA 92646-2341

<u>Undeliverable Mail</u>
Incorp Services
17888 76th Court North
Loxahatchee, FL 33470