

FILED & ENTERED

MAY 28 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DAVID LEE,<br><br>       Debtor. | Case No. 2:19-bk-10119-RK<br><br>Chapter 11<br><br>**MEMORANDUM DECISION ON CLAIM OF LENDER YCCS, LLC, FOR ATTORNEYS' FEES AND COSTS ON ITS SECURED CLAIM UNDER 11 U.S.C. § 506(b) AND DEBTOR'S OBJECTION THERETO** |

Pending before the court is the claim of Lender YCCS, LLC, ("YCCS") for its attorneys' fees and costs based on its promissory note and deed of trust which had encumbered Debtor's principal residence, but had been released pursuant to an order of the court approving Debtor's taking out a new loan secured by a lien on his residence to refinance existing loan indebtedness on the property, including YCCS's loan secured by a second priority lien. As a result of the court approved refinancing, Debtor paid through escrow the principal, interest and all costs (other than disputed legal fees and related legal costs) of the loan owed to YCCS, including payment of $20,731.39 to YCCS out of the amount of over $61,697 in legal fees and costs that YCCS claims is owed by Debtor pursuant to the note and deed of trust. As set forth in Debtor's Objection to the Reasonableness of Lender's Attorney Fees, filed on March 24, 2020, Electronic Case

1  Filing ("ECF") 289 (the "Fee Objection"), Debtor objects to fees claimed by YCCS in

2  excess of the $20,731.39 Debtor already paid YCCS through escrow.  YCCS filed an

3  Opposition to Debtor's Fee Objection on March 30, 2020 (the "Opposition").  ECF 292.  In

4  response to YCCS's Opposition, Debtor filed a Reply RE Fee Objection, ECF 293, on

5  March 30, 2020 (the "Reply").  YCCS's unpaid claim for its legal fees and related costs

6  and Debtor's objection thereto is a contested matter within the meaning of Federal Rule

7  of Bankruptcy Procedure 9014.  Debtor is represented by David A. Tilem of the Law

8  Offices of David A. Tilem.  YCCS is represented by Baruch C. Cohen of the Law Office of

9  Baruch C. Cohen.

10        Debtor and YCCS agree that pursuant to Section 5.(C) of that promissory note

11  secured by a deed of trust entered into between Debtor and YCCS on or about

12  November 14, 2017, Exhibit 2 to YCCS's Motion for Relief from the Automatic Stay Under

13  11 U.S.C. § 362, ECF 108 at 33-37 (the "Note"), under the note and deed of trust, where

14  debtor as the borrower fail to pay it as required, YCCS has "the right to be paid back for

15  all its costs and expenses . . . includ[ing], for example, reasonable attorney's fees and

16  expert's fees[,]" should Debtor default under the Note and YCCS requires full payment,

17  as occurred here.  YCCS seeks reimbursement of $61,697.36 for the fees and expenses

18  incurred during the bankruptcy case, including fees and expenses principally related to:

19  (i) Debtor's Motion to Employ Attorney Sanders, ECF 26; (ii) Debtor's Motion for Order

20  Authorizing Debtor to Enter Into a Month to Month Lease and Pay for Moving Expenses,

21  ECF 95; (iii) YCCS's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362,

22  ECF 108 (the "Motion for Relief from Stay"); (iv) Debtor's Motion for Order Authorizing

23  Debtor to Obtain Credit Pursuant to § 364(c)(2), ECF 195; (v) Debtor's January 14, 2020

24  Status Report, ECF 233; (vi) Debtor's Motion for Order Employing Real Estate Broker,

25  ECF 235; (vii) and Debtor's Motion for Order Authorizing Debtor to Obtain Credit

26  Pursuant to 11 U.S.C. § 364(c)(2), ECF 239 (the "Second Refinancing Motion").  As

27  directed by the court, YCCS submitted to the court *in camera* the invoices or bills

28  containing unredacted billing entries showing the fees and expenses billed by its counsel,

1   Baruch C. Cohen, of the Law Office of Baruch C. Cohen, and the court has reviewed the

2   fees and expenses incurred by YCCS's counsel in detail in these unredacted billing

3   entries as well as in Debtor's objections to specific billing entries.

4        Debtor notes that YCCS was ordered to file copies of its redacted billing

5   statements on the case docket and to deliver unredacted copies to the judge's chambers

6   by a date certain and that YCCS did not comply with this order.  Debtor is correct that

7   YCCS did not file its redacted billing statements so that the billing statements are on

8   record on the case docket.  Debtor acknowledges that he was provided with minimally

9   redacted billing statements, and the court acknowledges that it was provided with

10  unredacted billing statements.  Thus, Debtor and the court have been able to review the

11  billing statements of YCCS's counsel, though the billing statements are still not on record

12  on the case docket based on the court's review of the docket.

13       The court determines that Debtor's specific objections to the legal fees and costs

14  claimed by YCCS, as set forth in his Fee Objection, ECF 289, are well-taken, and as

15  discussed herein, the court generally sustains those objections for the reasons set forth

16  in Debtor's Fee Objection.  Additionally, in conducting its independent review of the fees,

17  the court reduces the amount of YCCS's "undisputed"[1] attorneys' fees of $42,917.90, that

18  is, not disputed by Debtor, ECF 289 at 10, and determines that reasonable attorneys'

19  fees and expenses of $36,730.40 should be allowed to YCCS based on the relatively

20  straightforward and noncomplex nature of the dispute between Debtor and YCCS

21  regarding payoff of its promissory note and deed of trust and the legal standards

22  discussed below.

23       Pursuant to 11 U.S.C. § 506(b), an oversecured creditor "is entitled to postpetition

24  attorneys' fees and costs if: (1) the claim is an allowed secured claim; (2) the creditor is

25  oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the

26  agreement."  *In re 1910 Partners,* 2017 WL 6273314, 2017 Bankr. LEXIS 4211, slip op.

27  

28  
_____
[1]      Here, "undisputed" means those fees that Debtor has not specifically objected to in the Fee
Objection, ECF 289.

1  at *7 (9th Cir. BAP 2017) (citing *Kord Enterprises II v. California Commerce Bank (In re*

2  *Kord Enterprises II),* 139 F.3d 684, 687 (9th Cir. 1998)).  Neither party disputes that YCCS

3  was an oversecured creditor with an allowed secured claim and could recover its

4  reasonable postpetition attorneys' fees and expenses based on the promissory note

5  entered into between the parties.  Accordingly, the reasonableness of the fees and costs

6  of counsel for YCCS is the only determination for the court to make here.  A secured

7  creditor has the burden of proving the reasonableness of its fee claim under 11 U.S.C. §

8  506(b).  *Atwood v. Chase Manhattan Mortgage Company (In re Atwood),* 293 B.R. 227,

9  233 (9th Cir. BAP 2003).

10        The crucial "determinant for 'reasonableness' is whether the creditor . . . took the

11  kinds of actions that similarly situated creditors might reasonably conclude should be

12  taken."  *In re 1910 Partners,* 2017 WL 6273314, slip op. at *7 (citing *Dalessio v. Pauchon*

13  *(In re Dalessio),* 74 B.R. 721, 723 (9th Cir. BAP 1987)).  The court should evaluate

14  whether "the creditor reasonably believed that the services employed were necessary to

15  protect its interests in the debtor's property."  *Id.* (internal citation omitted).  "A court

16  should not reward a creditor whose overly aggressive attorney harasses and opposes the

17  debtor at every stage of the bankruptcy proceeding, nor should an oversecured creditor

18  be given a blank check to incur fees and costs which will automatically be reimbursed out

19  of its collateral."  *Id.*

20        As Debtor argues,

21        "YCCS seeks more than $65,000 for a one-issue relief from stay
          motion.  That issue was whether a balloon payment constituted
22        'cause' for relief.  No argument was made based on [11 U.S.C.]
          §362(d)(2), hence there was never a need to litigate value – which
23        can quickly generate fees of this magnitude.  No facts were
          presented and no argument was made to support a claim that
24        Debtor was misusing or abusing the collateral.  In fact, there were
          no other substantive arguments at all."
25

26  Fee Objection at 5.

27        In the court's view, this is an accurate and fair description of YCCS's position in

28  this case.  YCCS was the holder of a second priority lien on real property collateral which

- 4 -

1  had a substantial equity cushion to adequately protect its lien from erosion of value.  All

2  YCCS needed to do was to obtain relief from the automatic stay to enforce its

3  nonbankruptcy foreclosure rights or wait for a payoff of its secured claim since the loan

4  had matured and could not be modified though Debtor's Chapter 11 reorganization plan.

5  There was nothing complex or difficult about the legal work to protect YCCS's lien

6  interest in this case.

7        The case authorities interpreting the reasonableness of legal fees under 11 U.S.C.

8  § 330 are also instructive when courts analyze the reasonableness of fees under 11

9  U.S.C. § 506(b).  *In re Parreira,* 464 B.R. 410, 414-415 (Bankr. E.D. Cal. 2012)

10  ("Because all professional fees awarded in a bankruptcy case are effectively paid from

11  assets of the bankruptcy estate and because both Code sections use the term

12  "reasonable," the court may apply to its § 506(b) analysis the same principles and case

13  law that govern the award of fees under § 330.") (citation omitted).  "The customary

14  method for assessing the amount of reasonable attorney's fees to be awarded in a

15  bankruptcy case is the 'lodestar.'  Under this approach, 'the number of hours reasonably

16  expended' is multiplied by 'a reasonable hourly rate' for the person providing the

17  services.'"  *Wechsler v. Macke International Trade, Inc. (In re Macke International Trade,*

18  *Inc.),* 370 B.R. 236, 254 (9th Cir. BAP 2007) (citation omitted).  A bankruptcy court has

19  broad discretion to determine the number of hours reasonably expended.  *Id.*  "Even

20  where evidence supports that a particular number of hours were worked, the court may

21  give credit for fewer hours if the time claimed is 'excessive, redundant, or otherwise

22  unnecessary.'"  *Id.* (quoting *Dawson v. Washington Mutual Bank, F.A. (In re Dawson),*

23  390 F.3d 1139, 1152 (9th Cir. 2004)) (alterations omitted).  Courts undertaking a fee

24  analysis may also consider "(1) the time and labor required, (2) the novelty and difficulty

25  of the questions involved, (3) the skill requisite to perform the legal service properly, . . .

26  (8) the amount involved and the results obtained, . . . and (12) awards in similar cases."

27  *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).

28

The court sets forth below a table listing the amount of Debtor's fee objections and the amount of fees not specifically disputed by Debtor, ECF 289 at 10.  The table also includes the fee reductions determined by the court for excessive, duplicative, or unnecessary fees, and the finally allowed fees as explained further below:

| Date of Counsel's Invoice to YCCS | Fees Claimed on Invoice | Fees Objected to by Debtor | Fees Not Disputed by Debtor | Additional Fees Reduced by Court | Finally Allowed Fee Amount |
|---|---|---|---|---|---|
| 3/12/2019 | $7,725.00 | $4,300.00 | $3,425.00 | $625.00 | $2,800.00 |
| 5/10/2019 | $6,613.00 | $1,838.00 | $4,775.00 | $0.00 | $4,775.00 |
| 7/05/2019 | $8,081.00 | $1,650.00 | $6,431.00 | $2,087.50 | $4,343.50 |
| 8/08/2019 | $18,008.66 | $5,703.16 | $12,305.50 | $3,000.00 | $9,305.50 |
| 11/14/2019 | $8,675.00 | $2,625.00 | $6,050.00 | $0.00 | $6,100.00[2] |
| 12/26/2019 | $3,262.00 | $875.00 | $2,387.00 | $0.00 | $2,387.00 |
| 2/24/2020 | $9,602.70 | $2,033.30 | $7,569.40 | $1,500.00 | $6,069.40 |
| **Totals** | **$61,967.36** | **$19,049.46** | **$42,917.90** | **$6,212.50** | **$35,780.40** |

The court first determines for the purposes of its evaluation of the reasonableness of the claimed fees under the lodestar method that YCCS's counsel's professional billing rate of $500 an hour is reasonable.[3]  The court next addresses the fees included in the

[2]    As discussed below, the court overrules Debtor's objection to a $50.00 cost related to Court Call fees on YCCS's November 14, 2019 Bill, and, accordingly, the allowed fee of $6,100.00 is an increase of $50.00 from the $6,050.00 in fees not disputed by Debtor.

[3]    YCCS's counsel, Baruch C. Cohen, did not state his professional qualifications in the Opposition to Debtor's Fee Objection, but the court takes judicial notice of the information listed on the website of the State Bar of California, which states that Counsel was admitted to the State Bar of California on June 11, 1992 and listed his law school as Southwestern University School of Law.  Federal Rule of Evidence 201. The court determines that based on its observation of the legal practice community, in light of his

seven invoices or bills covering the duration of counsel's representation of his client, YCCS, in this case, which fees are included in the above table.  As discussed above, the court sustains Debtor's specific objections to YCCS's counsel's fees and expenses on reasonableness grounds as set forth in the Fee Objection, ECF 289.  In this regard, the court notes that Debtor did not object to the majority of the legal fees and costs claimed by YCCS and that only certain fees which Debtor specifically identified and objected to on reasonableness grounds were disputed by him.  In the court's view, Debtor's objections were fairly conservative as the court also determines that certain fees that Debtor did not specifically dispute are excessive, duplicative, or unnecessary, and the court disallows those fees as not reasonable under the circumstances of this bankruptcy case.

**_Docket Entries or Communications, and Additional Charges._**  Debtor objects to fees and expenses incurred in each of the seven billing periods related to communications as to docket entries in the bankruptcy case and additional charges that are administerial or secretarial in nature.  Because these objections are repeated for each individual bill discussed below, the court addresses them in the aggregate.  The court sustains Debtor's objections to "Docket Entries," "Communications," and "Additional Charges" because those fees and expenses are not reasonable in this case.

YCCS's counsel claimed charges for secretarial and administrative work for "Docket Entries" and "Communications" in an unreasonable manner because no creditor could reasonably expect that, in order to protect the creditor's secured interest in real property, its attorney would communicate to it as the client on each and every docket entry in a bankruptcy case.  _In re 1910 Partners,_ 2017 WL 6273314, slip op. at *7.  In this regard, the court notes that Debtor did not object to all communications of counsel with his client, YCCS, relating to the case docket, but only those communications which had little or nothing to do with YCCS's secured claim and its desired remedies in this case.  An attorney's communications with his or her client are compensable when they might

experience as a lawyer for over 27 years, YCCS's counsel's hourly rate of $500 is within the range of reasonableness in the Los Angeles legal community.

reasonably further the client's claim or interests in the bankruptcy case.  When those communications are only related to the client's claim to the extent that they are included on the same docket, as is the case for the objected-to "Communications" and "Docket Entries" here, those communications are unnecessary and not reasonable to be compensated in a fee shifting situation here under 11 U.S.C. § 506(b).

YCCS's counsel also claimed "Additional Charges" in each billing period related to Electronic Case Filing charges, clerical costs, paralegal services, scanning and certain transportation fees, and related administrative charges.  As discussed above, YCCS has the burden of demonstrating the reasonableness of its legal fees and expenses.  *Atwood v. Chase Manhattan Mortgage Company (In re Atwood),* 293 B.R. at 233.  Debtor did not object to all additional charges, but only objected to charges that appear duplicative, unnecessary or excessive, such as charges for transcripts that were never cited to, extra charges for clerical services, extra fees apparently related to electronic filings, and paralegal charges.  The court agrees with Debtor that YCCS has failed to meet its burden of substantiating the reasonableness of the objected-to additional charges of its counsel. The "additional charges" by YCCS's counsel for "paralegal . . ." or "scan. . ." were vague, and counsel has not provided substantiation of the experience or billing rates for the paraprofessionals who provided such services in order for the court to determine the reasonableness of the fees and costs.  Moreover, the billing statements listing these charges insufficiently explain their necessity in order to protect YCCS's lien in this case. YCCS has not carried its burden of proof as to the reasonableness of the vague additional charges of its counsel that lack foundation, and, accordingly, the court sustains Debtor's objections to these charges.

*The March 12, 2019 Bill.*  The March 12, 2019 Bill from YCCS's counsel requests $7,725.00 in fees and expenses.  Debtor objected to a total of $4,300.00 in fees and related costs.  Debtor specifically objected to: $1,000.00 for a retainer fee, $850.00 for 1.7 hours of work for an opposition to Debtor's Motion to Employ Attorney Sanders, ECF

1  26, $3,375.00 for 6.75 hours of work for "initial case analysis", and $225.00 for 0.45 hour

2  of work for communications and $475.00 in administrative charges.

3      As discussed herein, the court sustains Debtor's objections.  The court agrees with

4  Debtor that the "initial retainer fee" is not a reasonable fee or expense that might protect

5  a creditor's interest in debtor's property because a retainer fee is not a charge for a

6  service or specific task performed. A retainer fee, rather, is a fee charged for agreeing to

7  accept the representation of the client.  *See In re Dick Cepek, Inc.,* 339 B.R. 730, 736 n.

8  5 (9th Cir. BAP 2006) ("Classic retainers 'refer to the payment of a sum of money to

9  secure availability over a period of time.' The attorney is entitled to the retainer whether

10  or not services are needed.")(citations omitted). Here, the retainer fee was not a fee for a

11  legal service that related to the performance of actual work in representing the creditor to

12  enforce a promissory note after the debtor's default, and therefore, is not reasonable to

13  be charged to the debtor pursuant to 11 U.S.C. § 506(b).

14      The claimed fees by YCCS's counsel related to Debtor's Motion to Employ

15  Attorney Sanders, ECF 26, are also unreasonable because, unlike a motion for relief

16  from stay for YCCS to enforce its nonbankruptcy collection rights, opposition to the

17  employment of Debtor's bankruptcy counsel was not necessary for protection of YCCS's

18  interest in its loan collateral, Debtor's principal residence.

19      The court agrees with Debtor that fees requested by YCCS's counsel for "initial

20  case analysis" of $3,375.00 for 6.75 hours of attorney work are excessive and

21  unreasonable.  Debtor acknowledges that a review of the file and preparation of a

22  memorandum of potential issues is certainly reasonable, and thus, Debtor does not

23  dispute that 2.25 hours for counsel's reviewing the file and 1.0 hour for preparing a

24  memorandum, representing fees totaling $1,625.00, would be reasonable.  However,

25  given the simple nature of the lien structure related to Debtor's residential property and

26  the straightforward course of action for YCCS in this case, seeking relief from stay or

27  payment of its claim in full by December 1, 2019, the court determines that only 2.0

28  hours, or fees of $1,000.00, is reasonable for the tasks relating to initial case analysis.

As noted in YCCS's counsel's February 7, 2019 billing entry for "Communications with client," counsel commented: "The Unlikely Success of a Motion to Lift the Automatic Stay to Pursue YCCS Foreclosure."  Thus, YCCS's counsel understood[4] the remote likelihood that relief from the automatic stay would be granted in light of the equity cushion in Debtor's residence.  *See e.g.,* Motion for Relief from Stay, ECF 108 at 8, 15 (noting equity cushion of 28% in the property and likely equity cushion of 12% as of a hypothetical closing of sale of the property as of January 1, 2020).  Further, both counsel in this proceeding have lengthy bankruptcy and litigation experience.  YCCS's counsel understood his client's goals and the "lay of the land" from the earliest days of this bankruptcy case, that is, YCCS needed to press its case for stay relief to enforce its nonbankruptcy collection rights.  Given this simple and straightforward legal situation for YCCS as an oversecured and adequately protected lien claimant whose loan could not be modified because it had matured, the fees claimed in excess of $1,000.00 for initial case analysis are unreasonable.

The court also agrees with Debtor's objections to fees for claimed services for communicating with the client with respect to every docket entry made in this case as previously discussed, and the court disallows the charges for these services for excessive communications which do not specifically relate to Debtor's loan indebtedness to YCCS totaling $225.00 for 0.45 hours of time.

Debtor also objects to additional charges totaling $475.00, consisting of: $50.00 for an ECF PACER charge for a request for courtesy Notice of Electronic Filing; $150.00 for a paralegal relating to this request for courtesy Notice of Electronic Filing; $50.00 for an ECF PACER charge for an opposition to motion in individual Chapter 11 case for order approving a budget for the use of Debtor's cash and postpetition income; $150.00 for a paralegal relating to this opposition to motion in individual Chapter 11 case for order approving a budget for use of Debtor's cash and postpetition income, and $75.00 for a

---

[4]    YCCS's counsel's first billing entry on this bill was dated February 5, 2019, and the February 7, 2019 billing entry was the second billing date on this bill.

1   messenger for this opposition to motion in individual Chapter 11 case for order approving

2   a budget for use of Debtor's cash and postpetition income.  The court agrees with

3   Debtor's objections to these additional charges because they are insufficiently explained

4   and substantiated as to how they were necessary to protect YCCS's lien, and as

5   discussed previously, there is no explanation of the identity and qualification of the

6   paraprofessionals performing these tasks. There is no reasonable basis for a $50 per

7   item charge for ECF PACER if YCCS's counsel is receiving copies of the documents filed

8   in the case without charge based on a request for special ECF notice. There is no

9   reasonable basis for a $75 messenger charge for delivery to the court as shown on the

10  proof of service since there is no showing that delivery of papers to the court on an

11  expedited basis was necessary where the opposition was to a motion not set for hearing

12  and that YCCS was only requesting that a hearing on the motion be set in the opposition.

13      Accordingly, the court determines that only the amount of $2,800.00 of the fees

14  and costs on the March 12, 2019 bill is reasonable.

15      ***The May 10, 2019 Bill.***  The May 10, 2019 Bill from YCCS's counsel requests

16  $6,613.00 in fees and expenses.  Debtor objected to $1,838.00 in fees and expenses

17  related to reviewing Debtor's amended schedules, communications, and administrative

18  charges.  The court sustains Debtor's objection proposing a reduction of fees of $1,250

19  claimed by YCCS's counsel's for 2.5 hours of work reviewing Debtor's amended

20  schedules on grounds that such fees were excessive in light of the work performed by

21  YCCS's counsel reviewing the original schedules, 6.75 hours, which fees of $3,300 are

22  undisputed and allowed.  A reduction in fees for reviewing the amended schedules is

23  warranted because of YCCS's counsel's familiarity with Debtor's bankruptcy schedules

24  and what amendments could affect his client's rights, and the court agrees with Debtor

25  that no more than 1.0 hour should be allowed for this work, or $500 in fees, and the

26  excessive fees of $750 should be disallowed.

27      The court also agrees with Debtor's objections to fees for claimed services for

28  communicating with the client with respect to every docket entry made in this case as

previously discussed, and the court disallows the charges for these services for

excessive communications which do not specifically relate to Debtor's loan indebtedness

to YCCS totaling $850.00 for 1.70 hours of time.

Debtor also objects to additional charges totaling $238.00, consisting of: $38.00

for scanning a proof of claim and declaration; $150.00 for a paralegal relating to this proof

of claim and declaration, and an ECF PACER charge of $50.00 relating to these

documents.  The court agrees with Debtor's objections to these additional charges

because they are insufficiently explained and substantiated as to how they were

necessary to protect YCCS's lien, and as discussed previously, there is no explanation of

the identity and qualification of the paraprofessionals performing the tasks, or how the

charges for scanning were computed.  There is no reasonable basis for a $50 per item

charge for PACER ECF if YCCS's counsel is receiving copies of the documents filed in

the case without charge based on a request for special ECF notice.

The court therefore sustains Debtor's objections to the charges in the specific

billing entries on this bill and determines that only the amount of $4,775.00 in fees and

expenses charged by YCCS's counsel on this bill, which Debtor does not dispute, is

reasonable.

***The July 5, 2019 Bill.***  The July 5, 2019 Bill from YCCS's counsel requests

$8,081.00 in fees and expenses.  Debtor objected to $1,650.00 in fees and expenses

related to communications and additional charges.  Specifically, Debtor objected to

$1,050.00 in fees for 2.10 hours of work relating to communications of counsel with

YCCS, and the court agrees with Debtor's objections because it is not reasonable for

counsel to communicate with the client on each and every docket entry in the case, and

the communications that are the subject of Debtor's objections do not directly relate to

YCCS's lien.  Thus, it is unreasonable to claim $50.00 (0.10 hour) or $75.00 (0.15 hour)

in fees to communicate with the client each and every time there is a filing in the Debtor's

bankruptcy case.   Debtor's objections have merit because YCCS has not demonstrated

1   the necessity of the work performed by its counsel in order to protect its lien interest for

2   which these fees are claimed.

3        Debtor further objected to $600 in four additional charges of $150 each for

4   paralegal services and a filing and service fee relating to a motion for stay relief.  The

5   court agrees with Debtor's objections because there is insufficient explanation and

6   substantiation of these charges.  There is no information about the identity and

7   qualifications of the paralegal and the computation of the time for the services performed

8   by the unidentified paralegal and the filing and service agency in order for the court to

9   determine the reasonableness of the charges.

10       Accordingly, the court sustains Debtor's objections, which are similar to his

11   objections to the specific "Communications," "Docket Entries," and "Additional Charges"

12   fees as discussed above.

13       The court also disallows additional fees relating to negotiations and a proposed

14   stipulation with Debtor's counsel that apparently never materialized as excessive and

15   unreasonable.  Counsel's billing entries on April 10 and 24, 2019, which are included in

16   the May 10, 2019 Bill from YCCS's counsel, but which have been included herein for

17   ease of reference, request $1,075.00 for 2.15 hours of attorney time related to

18   responding to a relief from stay proposal from Debtor's counsel and renewed analysis

19   involving a stipulation for relief from stay.  Billing entries on May 2, 3, and 7, 2019, which

20   are included in the July 5, 2019 Bill, request in the aggregate $1,675.00 for 3.35 hours of

21   attorney work that also related to responding to Debtor's counsel's proposal and

22   discussing Debtor's monthly operating report and case strategy with YCCS.  YCCS's

23   counsel therefore claims fees of $2,750.00 for 5.5 hours of work in connection with

24   negotiations with Debtor's counsel that were limited to perhaps two or three e-mail

25   communications, a review of Debtor's most recent monthly operating report, and a call

26   with his client.  The court determines that YCCS's counsel could have reasonably

27   communicated with Debtor's counsel and with his client, YCCS, and performed any

28   analysis regarding any proposed relief from stay stipulation for a total of 1.5 hours for a

fee of $750.00.  Therefore, the court determines that the amount of fees in excess of $750.00, i.e., $2,000.00, is unreasonable and disallows this excess amount of fees.

The court also determines that the June 11, 2019 billing entry related to hearing dates and self-calendaring procedures is secretarial in nature and should not have been billed at an attorney rate of $500.  The court therefore reduces the 0.25 hour charge of $125.00 to a $37.50 charge at a reasonable local paralegal rate of $150.00 an hour.

Accordingly, the court determines that Debtor's objections to fees on this bill in the amount of $1,650.00 should be sustained and that the fees should be further reduced in the amount of $2,087.50 as discussed above and that only the amount of $4,343.50 should be allowed as reasonable for this bill.

***The August 8, 2019 Bill.***  The August 8, 2019 Bill from YCCS's counsel requests $18,088.66 in fees and expenses.  Debtor objected to $5,703.16 in fees and expenses related to YCCS's counsel's Reply To Debtor's Opposition To Relief From Stay Motion, ECF 136 (the "Relief from Stay Reply"), and other administrative and communications charges.   Debtor specifically objected to additional charges of $2,953.16 and communications charges of $750.00, and Debtor made a general objection to the amount billed for the Reply to Debtor's Opposition to Relief from Stay Motion, ECF 136, which included by implication a deduction of $2,000.00.  ECF 289 at 17-20.   As discussed below, the court sustains Debtor's objections.

Debtor objects to additional charges totaling $2,225.00 for what is alleged to be paralegal services and services of a filing and service agency, specifically consisting of: $150.00 for paralegal work relating to miscellaneous tasks performed for "MFR", which the court assumes means Motion For Relief [from stay], including email correspondence with "BCC" [referring to counsel for YCCS] reviewing and revising "MFR," assembling and mark clean exhibits, preparing and e-filing "MFR" and downloading and forwarding "NEF" [Notice of Electronic Filing]; $150.00 for paralegal work relating to a first amended proof of service re: corrected notice of hearing and notice of motion and motion for relief from automatic stay; $150.00 for paralegal work relating to an objection to Debtor's motion for

- 14 -

order authorizing Debtor to enter into a month-to-month lease; $150.00 for a "J&J filing and service fee" relating to a first amended proof of service re: corrected notice of hearing and notice of motion and motion for relief from automatic stay; $150.00 for a "J&J filing and service fee" relating to an objection to Debtor's motion for order authorizing Debtor to enter into a month-to-month lease;  $150.00 for a "J&J filing and service fee" relating to a request for judicial notice re: motion for relief from automatic stay; $150.00 for paralegal work relating to this document; $300.00 for paralegal work relating to miscellaneous tasks in connection with YCCS's objection to motion authorizing month-to-month lease, including email correspondence with "BCC", reviewing and revising objections and request, preparing and e-filing request and downloading and forwarding "NEF," and preparing and forwarding copies to "BCC" and "J&J"; $150.00 for paralegal work relating to miscellaneous tasks in connection with a missing exhibit to "RJN" [Request for Judicial Notice], including email correspondence with "BCC", drafting amended "RJN," preparing and e-filing Amended "RJN," downloading and forwarding "NEF," and preparing and forwarding copies to "BCC" and "J&J"; $150.00 for a "J&J filing and service fee" relating to a reply to Debtor's opposition to relief from stay motion; $150.00 for paralegal work relating to this document; $275.00 for paralegal work in connection with miscellaneous tasks relating to a "Reply to Opposition," including email correspondence with "BCC," reviewing and revising opposition, preparing and e-filing request and downloading and forwarding "NEF," and preparing and forwarding copies to "BCC" and "J&J", and $150.00 for paralegal work relating to "YCCS Transcript Request."

The court agrees with Debtor's objections to the additional charges relating to the paralegal work and the "J&J filing and service fee" because these charges are insufficiently explained and substantiated as to how they were necessary to protect YCCS's lien, and as discussed previously, there is no explanation of the identity and qualification of the paralegal or the filing and service party performing these tasks. Accordingly, the court sustains Debtor's objections to these charges as not necessary or reasonable and disallows them.

Debtor also objects to additional charges of $728.16 for "YCCS Ch 11 (copies and postage)."  There is no explanation of these charges in order to determine their necessity and reasonableness.  That is, there is no information provided that would indicate what was being copied and mailed, and to whom, in order for the court to determine that such charges were necessary to protect YCCS's lien interest in this case.  Accordingly, the court sustains Debtor's objections to these charges as not necessary or reasonable and disallows them.

Debtor objected to $750.00 in fees for 1.50 hours of work relating to communications of counsel with YCCS, and the court agrees with Debtor's objections because it is not reasonable for counsel to communicate with the client on each and every docket entry in the case, and the communications that are the subject of Debtor's objections do not directly relate to YCCS's lien.  It is thus unreasonable to claim $50.00 (0.10 hour) or $75.00 (0.15 hour) in fees to communicate with the client each and every time there is a filing in the Debtor's bankruptcy case and to claim an attorney fee rate for the nonattorney secretarial task of calendaring a hearing.  Debtor's objections have merit because YCCS has not demonstrated the necessity of the work performed by its counsel in order to protect its lien interest for which these fees are claimed.  The fees for objected-to billing entries were not for work directly related to protecting YCCS's lien.  Accordingly, the court sustains Debtor's objections to these charges as not necessary or reasonable and disallows them.

Debtor objects to $4,150.00 in fees claimed by YCCS's counsel for 8.30 hours in preparing a reply brief to Debtor's opposition to its relief from stay motion.  As Debtor observes, YCCS's reply brief was twelve pages in length, including a three-page declaration, and cited only three cases: *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365 (1988) and *In re Mellor,* 734 F.2d 1396 (9th Cir. 1984), which were cited in Debtor's opposition, and both cases are well-known to experienced bankruptcy practitioners, and the case of *In re Marsch,* 36 F.3d 825 (9th Cir. 1994) for the proposition that "includes" and "including" are not terms of limitation and

1   the enumerated grounds for dismissal of a Chapter 11 bankruptcy case are not

2   exhaustive.  ECF 136 at 1-6.  Debtor argues that YCCS charging over $10,000 in legal

3   fees for a relief from stay motion and a reply to an opposition, including $4,150 for a

4   reply, is excessive and unreasonable.  Debtor notes that he did not object to counsel for

5   YCCS billing $6,000 for 12 hours of work in preparing the relief from stay motion, but

6   argues that $4,150 for preparing a reply is excessive, stating that he would not object to

7   allowance of a total fee of $8,000.00 for counsel in preparing the relief from stay motion

8   and a reply to Debtor's opposition, or a reduction of $2,000.00 in fees for preparing the

9   reply.

10      YCCS's counsel claimed aggregate fees of $7,000.00 for 14 hours of work in the

11  August 8, 2019 Bill related to its Reply to Debtor's Opposition to Relief from Stay Motion

12  and preparing for the relief from stay motion hearing, which includes fees beyond the 8.3

13  hours for $4,150.00 for preparing the Reply.  As discussed above, Debtor proposed

14  reducing the fees for work on the relief from stay motion by $2,000.00 representing 4.0

15  hours of work.  The court agrees with Debtor's objection that the fees for these tasks are

16  excessive and unreasonable and sustains the objection to reduce the fees for work on

17  the Reply by $2,000.00.  The court also reduces the fee by an additional $3,000.00, 6.0

18  hours of work, because the fees for the 14.0 hours of time spent on preparing the Reply

19  To Debtor's Opposition To Relief From Stay Motion, ECF 136, and for preparing for the

20  relief from stay hearing on July 17, 18, 19, 20, 21, 22, 27, and 29, 2019, are excessive

21  and unnecessary in light of the lack of complexity of the issues presented by the dispute

22  over YCCS's relief from stay motion and the repetitive nature of the Relief from Stay

23  Reply, ECF 136.  As noted earlier, the Relief from Stay Reply, including a client

24  declaration, was only twelve pages, including a three-page client declaration, and cited

25  three cases.  The Reply primarily included citations to other pleadings on the case

26  docket, including YCCS's Objection to Debtor's Lease Motion, ECF 114.  Debtor argued

27  in opposition to YCCS's stay relief motion that the motion should be denied because

28  there was a sufficient equity cushion of 28% in the property to adequately protect YCCS's

1  lien.  YCCS in its reply made two simple points: (i) that the equity cushion would decline

2  to 18% due to accrual of its attorneys' fees and interest during this case, which is below

3  the deemed adequate protection of 20% set forth in *In re Mellor,* 734 F.2d 1396 (9th Cir.

4  1984), and (ii) that Debtor could not confirm a reorganization plan if he could not pay

5  YCCS's loan in full by the maturity date of December 1, 2019.  Even if YCCS's math was

6  correct, an equity cushion of 18% is not per se lack of adequate protection under *In re*

7  *Mellor*.  Moreover, YCCS's argument that Debtor could not confirm a reorganization plan

8  if he could not pay its loan by the maturity date of December 1, 2019 is legally incorrect.

9  Debtor *could* confirm a plan by paying off the loan at some point, though Debtor no

10  longer could modify the terms of the loan because the loan was on his principal residence

11  when the bankruptcy case was commenced.  Nevertheless, it is unreasonable for the

12  court to shift fees from YCCS to Debtor for YCCS's counsel charging excessive fees of

13  $7,000 for 14 hours of work related to preparing a reply pleading and arguing the motion

14  to make these two simple points.  The fees for preparing the reply and the oral argument

15  for the hearing included numerous entries for "communicating" with the client, "review

16  and analyze cases" (of which there were three), preparing the oral argument and "revise"

17  oral argument, which fees are excessive given the simple nature of the motion and reply.

18  The court determines that of the 14.0 hours of time spent on preparing the reply and

19  preparing for the hearing, a reduction of $3,000.00 for 6.0 hours of work is reasonable.

20  This disallowance does not affect the over $6,000 for preparing the motion itself not

21  objected to by Debtor, nor does it affect the 3.00 hours or $1,500 for appearing at the

22  hearing.  Accordingly, the court sustains Debtor's objections and its own objections to the

23  fees claimed on this bill and only allows fees totaling $9,305.50.

24        ***The November 14, 2019 Bill.***  The November 14, 2019 Bill from YCCS's counsel

25  requests $8,675.00 in fees and expenses.  Debtor objected to $2,625.00[5] in fees and

26

27  ---
    [5]    Debtor's Fee Objection inadvertently stated the amount of the objections to this bill as $2,650 in its chart, ECF 289 at 10, but the substance of Debtor's objections indicates aggregate objections to fees of $2,625 on this bill.  ECF 289 at 22 ("Based on the foregoing, Debtor seeks a reduction in this invoice of

28  $2,625.").

expenses related to YCCS' Supplemental Points and Authorities RE: Relief from Stay, ECF 175, communications, and administrative charges.

The court agrees with Debtor that the fees of $1,750.00 for 3.50 hours of work by counsel in preparing YCCS's Supplemental Points and Authorities RE: Relief from Stay, ECF 175, are excessive because counsel had already charged $10,000.00 for 20 hours of work for preparing YCCS's original motion for relief from stay in this case and its initial reply to Debtor's opposition to the original stay relief motion.  Further, the supplemental memorandum consisted of four pages of argument, citations to 2 cases, and a one-page declaration.  Most of the arguments in the supplemental memorandum repeated the arguments of the original motion and reply.  Debtor objects to these fees as excessive and unreasonable, and argues that only fees of $875.00 for 1.75 hours of work are reasonable.  The court agrees that the fees for this work should be reduced to $875.00 for 1.75 hours of work.

Debtor objected to $1,100.00 in fees for 2.20 hours of work relating to communications of counsel with YCCS, and the court agrees with Debtor's objections because it is not reasonable for counsel to communicate with the client on each and every docket entry in the case, and the communications which are the subject of Debtor's objections do not directly relate to YCCS's lien, and it is thus unreasonable to claim $50.00 (0.10 hour) or $75.00 (0.15 hour) in fees to communicate with the client each and every time there is a filing in the Debtor's bankruptcy case.  Debtor's objections have merit because YCCS has not demonstrated the necessity of the objected-to communications in order to protect YCCS's lien interest for which these fees are claimed.

Debtor also objects to additional charges totaling $650.00, consisting of: $150.00 for paralegal work relating to a stipulation to continue hearing on motion for relief from the automatic stay; $150.00 for a "J&J filing and service fee" relating to this document; $150.00 for paralegal work relating to a limited opposition to Debtor's motion to obtain credit under 11 U.S.C. § 364(c)(2); a $150.00 "J&J filing and service fee" relating to this document, and $50.00 for an "up-charge" for CourtCall on November 14, 2019.  The

1    court agrees with Debtor's objections to the additional charges relating to the paralegal

2    work and the "J&J filing and service fee" because these charges are insufficiently

3    explained and substantiated as to how they were necessary to protect YCCS's lien, and

4    as discussed previously, there is no explanation of the identity and qualification of the

5    paralegal or the filing and service party performing these tasks.  The court overrules

6    Debtor's objection to the up-charge for CourtCall because the CourtCall charge of $50.00

7    was incurred for counsel to appear telephonically for a hearing on November 14, 2019.

8         The court therefore sustains Debtor's objections to the fees on this bill, except as

9    to the $50.00 CourtCall charge, and determines that only the amount of $6,100.00 in fees

10   requested on this bill by YCCS's counsel is reasonable.

11        ***The December 26, 2019 Bill.***  The December 26, 2019 Bill from YCCS's counsel

12   requests $3,262.00 in fees and expenses.  Debtor objected to $875.00 in fees and

13   expenses related to communications and administrative charges.  Debtor objected to

14   $525.00 in fees for 1.05 hours of work relating to communications of counsel with YCCS,

15   and the court agrees with Debtor's objections because it is not reasonable for counsel to

16   communicate with the client on each and every docket entry in the case.  The

17   communications which are the subject of Debtor's objections do not directly relate to

18   YCCS's lien, and it is thus unreasonable to claim $50.00 (0.10 hour) or $75.00 (0.15

19   hour) in fees to communicate with the client each and every time there is a filing in the

20   Debtor's bankruptcy case.  Debtor's objections have merit because YCCS has not

21   demonstrated the necessity of the communications by counsel in order to protect its lien

22   interest for which these fees are claimed.

23        Debtor also objects to additional charges totaling $350.00, consisting of: $50.00

24   for a "duplicate up-charge" for CourtCall; $150.00 for paralegal work relating to a limited

25   opposition to Debtor's motion to obtain credit under 11 U.S.C. § 364(c)(2), and another

26   $150.00 for paralegal work relating to a supplemental declaration of counsel for YCCS

27   and the client representative regarding YCCS's motion for relief from the automatic stay.

28   The court agrees with Debtor's objections to the additional charges relating to the

1  paralegal work because the charges are insufficiently explained and substantiated as to

2  how they were necessary to protect YCCS's lien, and as discussed previously, there is

3  no explanation of the identity and qualification of the paralegal performing the task.  The

4  court sustains Debtor's objection to the "duplicate up-charge" for CourtCall because the

5  CourtCall charge of $50.00 for counsel to participate in the court's hearing on November

6  14, 2019 was already claimed and allowed on the prior bill dated November 14, 2019.

7      The court sustains Debtor's objections to fees and charges totaling $875.00 and

8  allows $2,387.00 in fees and costs on this bill from YCCS's counsel as reasonable.

9      **The February 24, 2020 Bill.**  YCCS's counsel's February 24, 2020 Bill requests

10  $9,602.70 in fees and expenses.  Debtor objected to $2,033.30 in fees and expenses on

11  this bill related to communications and administrative charges.  Debtor objected to

12  $1,050.00 in fees for 2.10 hours of work relating to communications of counsel with

13  YCCS, and the court agrees with Debtor's objections that the fees are unreasonable

14  because it is not reasonable for counsel to communicate with the client on each and

15  every docket entry in the case, and the communications which are the subject of Debtor's

16  objections do not directly relate to YCCS's lien.  Thus, it is unreasonable to claim $50.00

17  (0.10 hour) or $75.00 (0.15 hour) in fees to communicate with the client each and every

18  time there is a filing in the Debtor's bankruptcy case.  Debtor's objections have merit

19  because YCCS has not demonstrated the necessity of the communications by its counsel

20  in order to protect its lien interest for which these fees are claimed.  The fees for

21  objected-to billing entries were not for work directly related to protecting YCCS's lien.

22      Debtor also objects to additional charges totaling $600.00, consisting of: $150.00

23  for paralegal work relating to an opposition to Debtor's motion for authority to obtain

24  credit under 11 U.S.C. § 364(c)(2); $150.00 for a "J&J filing and service fee" relating to

25  this document; $150.00 for paralegal work relating to YCCS's opposition to Debtor's

26  motion for order employing real estate broker, and a $150.00 "J&J filing and service fee"

27  relating to this document.  The court agrees with Debtor's objections to the additional

28  charges relating to the paralegal work and the "J&J filing and service fee" because these

1 charges are insufficiently explained and substantiated as to how they were necessary to

2 protect YCCS's lien, and as discussed previously, there is no explanation of the identity

3 and qualification of the paralegal or the filing and service party performing these tasks.

4 Debtor also objects to additional charges totaling $383.00 for transcript fees.

5 There is no reasonable basis for $383.00 in transcript fees as there is no explanation why

6 transcripts of court hearings on December 10, 2019, January 28, 2020 and February 5,

7 2020 were necessary to protect YCCS's lien interest such as for use on an appeal, for

8 example.

9 Accordingly, the court sustains Debtor's objections to fees and charges claimed by

10 YCCS's counsel in the amount of $1,050.00 for communications, $600.00 for additional

11 charges relating to paralegal work and a filing and service agency, and $338.00 for

12 transcript fees.

13 The court further reduces the fees requested on this bill by $1,500.00 for 3 hours

14 of work performed on January 15 and 31, 2020 in connection with YCCS's oppositions to

15 Debtor's Status Report, ECF 234, and Application to Employ Broker, ECF 260.  As

16 mentioned above, YCCS's Counsel noted in his February 7, 2019 billing entry,

17 "Communications with client [. . .] The Unlikely Success of a Motion to Lift the Automatic

18 Stay to Pursue YCCS Foreclosure."  This case was never more than a simple relief from

19 stay action by a second lien mortgage holder, where the liens on Debtor's residence were

20 protected by a significant equity cushion, and Debtor hoped to refinance his residence

21 instead of losing the home.  Debtor's efforts to "take out" YCCS's loan by satisfaction of

22 its claim through a sale or refinancing were diligent and reasonable in the court's view.

23 *See Order Granting Debtor's Motion for Order Authorizing Debtor to Obtain Credit*

24 *Pursuant to 11 U.S.C. § 364(c)(2),* ECF 214.  It was not necessary for YCCS to file an

25 "opposition" to Debtor's status report, which was not a pleading requiring any response,

26 and while YCCS could reasonably oppose a sale motion which adversely affected its lien

27 interest, filing an opposition to the broker's application was not necessary to protect

28 YCCS's lien interest as the employment of the broker was needed to market the property,

1    which the parties did not dispute was valued at more than the liens.  It is not reasonable

2    for a court to reward a creditor like YCCS for aggressive litigation stances that created

3    unnecessary obstacles in response to Debtor's reasonable efforts to realize value of the

4    assets of the bankruptcy estate to pay creditors.  *In re 1910 Partners,* 2017 WL 6273314,

5    slip op. at *7.  Its foreclosure sale having been delayed by Debtor's bankruptcy case,

6    YCCS advocated strenuously for relief from stay and a sale of the property from the

7    outset, but upon Debtor's motion for authority to engage a broker, YCCS objected.  ECF

8    260.  YCCS's objections to every act of the Debtor that might lead to a payout of YCCS

9    or a sale of the property were excessive and unnecessary in light of the fact that YCCS

10    and the court were well aware of the equity in the home from this case's inception.  The

11    court accordingly reduces the legal fees requested by YCCS for its counsel by an

12    additional $1,500.00 on the February 2020 bill because the actions for which fees are

13    requested were not necessary to protect its lien interest.

14    **CONCLUSION**

15         Debtor has already paid $20,731.99 to YCCS for its legal fees and expenses

16    through the escrow of his loan refinancing transaction.  Accordingly, YCCS is entitled to

17    an award of the remaining outstanding balance of the allowed reasonable attorneys' fees

18    and expenses of $35,780.40, which balance is $15,048.41.  For the foregoing reasons,

19    the court determines the following:

20        1.  Debtor's objections to the reasonableness of legal fees and costs of YCCS's

21            counsel are sustained, and the court disallows additional fees and costs as

22            discussed herein.

23        2.  YCCS is entitled to reasonable attorneys' fees and costs in the amount of

24            $35,780.40 pursuant to 11 U.S.C. § 506(b).

25        3.  Having already paid YCCS reasonable attorneys' fees and costs in the amount

26            of $20,731.99, Debtor is liable to YCCS for the outstanding balance of allowed

27            reasonable attorneys' fees and costs in the amount of $15,048.41.

28

1    A separate final order consistent with this Memorandum Decision is being filed and

2  entered concurrently herewith.

3    IT IS SO ORDERED.

4                                        # # #

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  Date: May 28, 2020

24                                        _____
                                         Robert Kwan
25                                        United States Bankruptcy Judge

26

27

28